### L. A. WHATLEY ET AL. V. GEORGE M. PATTEN.

#### No. 805.

1. **Suit Against State—Trespass to Try Title Against Occupant.**—One in the actual possession of land may be sued therefor in trespass to try title, although he holds such possession only as an officer and agent of the State, and the suit is not one against the State.

2. **Same—Limitation Not Available in Behalf of State.**—In trespass to try title it is held, that since limitation does not run against the State, it can not be invoked in its behalf. Following Stanley v. Schwalby, 85 Texas, 352.

3. **Consideration for Covenant of Warranty—Fact Case.**—C. & E., being desirous of acquiring and completing a contract for building a wall around the State penitentiary, at the suggestion of the penitentiary authorities bought in their own name certain land necessary to the completion of the wall, and thereupon received the contract and the benefit thereof. No one at that time had authority to purchase the land for the State, but the penitentiary officials promised C. & E. to use their influence to have the State reimburse them, and the State did afterwards purchase the land from them at the same price they had paid, taking deed from them with general warranty. *Held*, that C. & E. were bound by the covenant of warranty, the purchase from them by the State not being merely a ratification of the acts of its agents, so as to thereby render the covenant of warranty void for want of consideration.

4. **Trespass to Try Title—Judgment for Rents and Improvements.**—In trespass to try title, where there is judgment in defendant's favor for the value of improvements, it is error to render judgment against him for rents, since rents are extinguished by the recovery for improvements.

APPEAL from Walker. Tried below before Hon. J. M. SMITHER.

*C. A. Culberson*, Attorney-General, and *Frank Andrews*, Assistant, for appellant The State of Texas.—1. No court has jurisdiction of a suit instituted by a private individual against a State, except when a State has given her consent. 11th Amendment Const. U. S.; Chisholm v. Georgia, 2 Dall., 419 (Justice Iredell); Howe v. Louisiana, 134 U. S., 1 (Justice Bradley); Stanley v. Schwalby, 147 U. S., 508.

2. When suit is instituted against an officer of the State, and the State is the party really at interest, it is in fact a suit against the State, and in the absence of consent of the State a plea to the jurisdiction should be sustained. Authorities cited above.

3.   A State may acquire perfect title to land under and by virtue of the statutes of limitations in the same manner that it might be acquired by an individual or person.   Stanley v. Schwalby, 147 U. S., 508, overruling same case, 85 Texas, 348.

The opinion of our own Supreme Court in this matter is based upon the proposition, that "it would be contrary to reason to hold that it was the intention of the law-making power that a right should be barred by failure to bring an action within a prescribed time, when at the same time there was no right to bring the action."   In using this language, a fact which ought to control seems to have been overlooked by our court.   If the view which it adopted be correct, a suit which would have given complete redress could have been instituted at any time.   If suit could be instituted in 1892 which would deprive the State of property which she claims, why, the conditions at the two periods being the same, could not a similar suit have been instituted in 1881?   Why not at any time since the State occupied the property?   If redress could have been had at any time, why should not the statute of limitation have been in operation?   It is held that there can not be a plea of limitation, because redress could not have been had, and yet redress could have been had at any time, and is even now had, notwithstanding the lapse of the period of limitation.

4.   Judgment may properly be entered for the value of the use and occupation of the premises sued for, where improvements in good faith have been established, only when the value of the use and occupation for the two years next preceding the institution of the suit exceeds the value of the improvements and then only as to the excess.   Rev. Stats., art. 4816.

*Hume & Kleberg*, for appellee George M. Patten.—1.   Whatley's plea in abatement and to the jurisdiction, disclaiming all right or interest save as an officer of the State, and affirming possession as such officer, and that the suit was in effect against the State and not maintainable without its leave, were unsound, and plaintiff's exceptions thereto were properly sustained; because the suit was not against the State nor against Whatley as its officer, but against Whatley as a private person for wrongful entry upon and possession of plaintiff's land, and judgment for plaintiff against Whatley as sole adversary party would not have concluded or affected the State, nor embarrassed it in the assertion, by proceedings in its own name and for its own account, of any right it might have in the subject of controversy.   Stanley v. Schwalby, 85 Texas, 352–355; United States v. Lee, 106 U. S., 197, 204–223—approving as in point, United States v. Peters, 5 Cranch, 115; Meigs v. McClung's Lessee, 9 Cranch, 11; Wilcox v. Jackson, 13 Pet., 498; Osborn v. Bank of United States, 9 Wheat., 738; Grisar v. McDowell, 6 Wall., 363; Brown v. Huger, 21 How., 305; Davis v. Gray, 16 Wall., 203; The Siren, 7 Wall., 152; Cunningham v. Railway, 109 U. S., 451; Poindexter v. Greenhow, 114 U. S., 287–297; Pennoyer v. McCon-

naughy, 140 U. S., 9–18; Louisiana v. Jumel, 107 U. S., 726; In re Tyler, 149 U. S., 190.

2. Charged as a trespasser in his own wrong, Whatley, the sole defendant, could not assume without warrant of law to arrogate the function of answering for the sovereign, the State; nor to submit it to the court's jurisdiction to determine whether the State had title under the statute of limitation of ten years; nor could the court have proceeded, under such plea made by him, to a trial of the State's title, or to a binding adjudication for or against the State. Const., sec. 22, art. 4; Rev. Stats., arts. 2797, 2811a; The State v. Loan and Trust Co., 81 Texas, 530; Stanley v. Schwalby, 85 Texas, 354.

3. Even had Whatley the right to escape judgment by a plea not in his own but in the State's behalf, such plea was not available as a defense of outstanding title; for it rested upon the assumption of the State's acquisition of such title by limitation of ten years, and neither the State for itself, nor he for the State or himself, could bar such action by affirmation or proof of such title, because, as no action lay against the State, limitation did not run in its favor. Rev. Stats., art. 3200; Pasch. Dig., arts. 4622–4624; Railway v. Travis County, 62 Texas, 16; Stanley v. Schwalby, 85 Texas, 353, citing United States v. Thompson, 98 U. S., 486, and Rustomjee v. The Queen, L. R., 1 Q. B. Div., 487, and distinguishing Baxter v. The State, 10 Wis., 454; Field, J., in Stanley v. Schwalby, 147 U. S., 522.

*S. M. Randolph,* for appellees Cunningham & Ellis.—Whatever errors there may be in the judgment against the State in favor of George M. Patten, the judgment in favor of Cunningham & Ellis on their warranty is in all things just and equitable, and the only verdict that could have been rendered under the law and the evidence in this case, and it should be affirmed. Smith v. Morse, 9 Wall., 76; 3 Am. and Eng. Encyc. of Law, p. 838, sec. 23, and authorities there cited.

GARRETT, Chief Justice.—George M. Patten, as plaintiff, brought this suit June 25, 1892, as an action of trespass to try title against L. A. Whatley to recover of him one acre of land situated in the town of Huntsville, which was described by metes and bounds and by reference to certain deeds of record. Whatley answered and pleaded in abatement under oath to the jurisdiction of the court, that he had no personal interest in the suit; that he was in possession of the land in controversy for the State of Texas, as superintendent of State penitentiaries; that the real question was whether the State had title, and the suit was, in effect, a suit against the State, and not against him in his individual capacity, and could not be maintained. Dismissal of the suit was prayed for, because the court was without jurisdiction to entertain it against the State without its consent. He demurred generally to the petition, that it showed no cause of action against him; pleaded in bar general denial and not guilty, and specially possession and use

for the State in his official capacity and no other; three, five, and ten years' limitation in behalf of the State; entry and possession in good faith by the State under regular chain of title for more than ten years before suit, and permanent and valuable improvements by the State during such possession; purchase of the land by the State of Cunningham & Ellis for valuable consideration, they executing to the Governor of the State and for its use a warranty deed therefor; and prayed that said vendors be cited to make good their warranty, and for judgment against them therein in the event of the State's eviction from the premises.

To the answer of the defendant the plaintiff interposed a general demurrer, and excepted specially to the pleas denying jurisdiction, and to those seeking to bar the action because of personal interest; his official authority from and action under the State; acquisition of title and continued possession thereunder by the State, involving the various pleas of limitation, and improvements in good faith in behalf of the State; and to the plea requiring Cunningham & Ellis to respond on their warranty to the State in the event of the eviction of the latter by plaintiff.

On hearing of the demurrers the court overruled defendant's demurrers to the petition, and plaintiff's general demurrer to the answer; and .sustained all plaintiff's special exceptions to the answer, with leave to defendant to amend. Defendant amended, and, in addition to the matter contained in his previous answer, pleaded personally the general denial, not guilty, and limitation of ten years. A demurrer by plaintiff, that the matter contained in the previous answer was concluded by prior action of the court upon the demurrers, was sustained.

The State of Texas, by its Attorney-General, intervened in the suit and pleaded for itself, alleging Whatley's mere official relations to the premises as its officer, agent, and tenant; its ownership and possession as a sovereign, demurring generally, and directing a special exception to the insufficiency of description of premises in plaintiff's petition. These demurrers were followed by pleas of general denial and not guilty, limitation of three, five, and ten years; improvements in good faith; warranty title from Cunningham & Ellis, with prayer that they be made parties, and for relief against them on their warranty in the event of adverse judgment.

Cunningham & Ellis answered, making themselves parties defendant, and adopted the demurrers, exceptions, and pleas contained in the State's plea of intervention. They further pleaded, in bar of plaintiff's suit against Whatley, that they acquired title in fee simple, April 1, 1879, when they delivered it to Goree, superintendent of the penitentiary, subsequently making conveyance thereof to the Governor of the State for its account and use; that Goree held to May 1, 1891, when he delivered possession and all rights accruing therefrom to Whatley, then penitentiary superintendent, who held continuously

thereafter until the suit was filed, whereby he acquired title under the statute of limitation of ten years; that the State and those under whom it held had title under said ten years' statute. Replying to the petition of the State against them as warrantors, they alleged facts which, as they averred, show that they were not liable upon their warranty.

Plaintiff excepted to the plea of intervention by the State, that it could not avail itself of the statute of limitations; and to the answer of Cunningham & Ellis as he had already done to the answer of Whatley. These demurrers were also sustained, and the parties went to trial upon the plea of not guilty, limitations as to Whatley personally, and improvements in good faith by the State; and between the State and Cunningham & Ellis, upon the issue as to liability of the latter as warrantors. There was a trial by jury and verdict for the plaintiff for the square acre of land sued for, valuing it at $1000, and for the value of its use and occupation, $557.50; for the State, for improvements assessed at $8000; and for Cunningham & Ellis. Judgment was rendered in favor of the plaintiff for the recovery of the land against L. A. Whatley, the State of Texas, and Cunningham & Ellis, being E. H. Cunningham and L. A. Ellis; with writ of possession upon conditions specified; in favor of plaintiff against L. A. Whatley and the State of Texas for $557.50, the value of use and occupation of the premises, for which execution was awarded; in favor of plaintiff against L. A. Whatley, the State of Texas, and Cunningham & Ellis for all costs for which execution might issue. The sum of $7422.50 was adjudged in favor of defendant Whatley and the State of Texas, as the excess of value of improvements over the amount adjudged for use and occupation of the premises, and judgment was entered in accordance with the statute with respect to the payment thereof. It was adjudged that the State of Texas take nothing of Cunningham & Ellis.

Title to the lot in controversy was deraigned by both parties from Sandford Gibbs, who conveyed it on December 2, 1873, to Ward, Dewey & Co., a firm composed of A. J. Ward, E. C. Dewey, and Nathan Patten, who were at the time lessees of the State penitentiary.

Plaintiff's title was acquired by a sale made to him on June 4, 1878, by virtue of an execution levied May 8, 1878, which issued April 18, 1878, upon a judgment of the District Court of Galveston County, rendered June 11, 1875, in favor of William H. Griffin against Ward, Dewey & Co.

The State of Texas claimed title through a sale made to D. D. Alston on June 4, 1878, by virtue of an execution levied May 9, 1878, which issued May 3, 1878, upon a judgment of the District Court of Walker County rendered October 19, 1877, in favor of B. S. Wathen against A. J. Ward and E. C. Dewey. On June 16, 1879, Alston conveyed the land to Cunningham & Ellis, who conveyed it to O. M. Roberts, Governor of Texas, and his successors in office, on March 25, 1880.

The Wathen judgment, under which the State claims, was a lien on the land to the extent of the interest of A. J. Ward and E. C. Dewey, two-thirds; and the title of the State is the better title to two-thirds of the land, provided that judgment had not been satisfied previous to the sale thereunder as claimed by the plaintiff. The issue of satisfaction was submitted to the jury and determined by it adversely to the State. In view of our disposition of the assignments of error seeking to review the admission of evidence affecting this finding of the jury, we make no conclusion of fact about the satisfaction of said judgment.

The defendant Whatley had possession of the land in controversy for the State as superintendent of its penitentiary at Huntsville, and had so held possession from May 1, 1891, when he received it from T. J. Goree, the former superintendent, who had been in possession thereof for the State as such superintendent from 1881. The greater part of the land lies within the walls of the penitentiary, and the State has had such possession thereof through its officers, using it for the public purpose mentioned, since 1879, as would ordinarily confer title under the statute of limitation of ten years.

The description of the land contained in the petition is "one square acre of land, bounded on the north by Lamar street, as laid off on the plan of said city of Huntsville, and on the west by the Texas State penitentiary, being a part of the Pleasant Gray league of land, and being the same property conveyed to Porterfield Shrock, January 14, 1854, by F. D. Thornton and Margaret Thornton, by deed recorded in Book C, pp. 294 and 295, of deed records of Walker County, to which reference is here made for further description, it being the lot upon which the said Thorntons resided, and conveyed by Porterfield Shrock and wife to Sandford Gibbs, by deed dated October 29, 1872, recorded in said records in book M, pp. 535 and 536, and conveyed December 2, 1873, by Sandford Gibbs to Ward, Dewey & Co., by deed recorded in book Y, pp. 259, 260." Plaintiff's evidence identified the land in controversy as the land upon which the Thorntons resided, and mentioned in the several deeds referred to, and showed, that at the time of the conveyance to Ward, Dewey & Co. and of the sheriff's sale to plaintiff, it was bounded on the west by Texas State penitentiary as the walls then stood.

The value of the land was correctly assessed by the jury at $1000, and the value of its use and occupation at $577.50. It was shown that the State had made valuable improvements thereon, in good faith, worth $8000, as found by the jury.

Upon the issue between the State and Cunningham & Ellis, it was shown, that during the year 1879 the latter had entered into a contract with the State, through its officers, to build a wall around the penitentiary at Huntsville. The authorities were anxious to have the wall built, and Cunningham & Ellis were anxious to do the work. To make the proposed inclosure, it became necessary to acquire the title to the

land in controversy. No one had authority to buy it for the State. The superintendent and directors suggested to Cunningham & Ellis that if they would buy the lot they would use their influence to see that the State reimbursed them for it. Cunningham & Ellis did not want the lot, but bought it for the use of the State, that they might go on with their contract and build the wall. They paid D. D. Alston $1000 for the property, and completed the wall about October 1, 1879, making permanent and lasting improvements on the land. The deed from D. D. Alston to Cunningham & Ellis was a quitclaim deed of all his right, title, and interest to the land. Afterwards, on March 25, 1880, Cunningham & Ellis executed a deed to O. M. Roberts, Governor of Texas, and his successors in office, conveying the square acre of land in controversy, with general warranty of title, for a recited consideration of $5150, but the actual consideration paid for the lot was $1000, and they sold it to the State at the same price.

Appellee objects to the consideration by the court of nearly all of appellant's assignments of error, because they are violative of the rules requiring each proposition to be followed by a statement, to be faithfully made from the record, of such matter as bears upon the proposition, identifying it by reference to the pages of the record containing it; and to some of them for the further reason, that the alleged errors are not distinctly and separately specified. Most of the assignments and propositions are obnoxious to the objections made. Such of them as we shall consider are believed to contain in themselves, with reference to the general statement of the case, sufficient statements to justify a consideration thereof, although they do not come strictly within the rules.

Whatley was in possession of the land, and although he was an officer of the State of Texas and had such possession only in his official capacity, the suit against him was not a suit against the State, and the plaintiff was entitled to maintain his action. United States v. Lee, 106 U. S., 197; Stanley v. Schwalby, 85 Texas, 352.

Upon the question of the right of Whatley or the State to invoke the statute of limitations in behalf of the State, our Supreme Court has held, that since a cause of action could not accrue against the State on account of its immunity from suit without its consent, the statute of limitations can not be invoked in its behalf. Stanley v. Schwalby, 85 Texas, 352. Upon error to the Supreme Court of the United States the decision of our Supreme Court was reversed, and it was held that Stanley, as an officer of the United States, was entitled to plead limitation. 147 U. S., 508. It is then the law of that case that limitation may be pleaded. The State of Texas, by its officers Goree and Whatley, has had such possession of the land as would confer title in the case of those who could plead the statute of limitations, but as our Supreme Court has announced the rule of law to be against the right of the State to invoke limitation, we shall follow its decision of the ques-

tion.    There was therefore no error in sustaining plaintiff's exceptions to the answers to the jurisdiction and the plea of limitation.

There was no error in admitting evidence to show that the land in controversy was in fact the land purchased by Patten at sheriff's sale, and the evidence did not create a variance from the allegations in the petition.    When the land was bought by Patten it was, as alleged, bounded on the west by the penitentiary.    The deeds referred to are a part of the description.

Appellant's seventh assignment of error is as follows:    "The verdict of the jury in finding for the defendants Cunningham & Ellis upon their warranty is contrary to the law and evidence in this case, for that the admission of the said defendants Cunningham & Ellis in their testimony show that they purchased the property for their own benefit, and received from the State of Texas a valuable consideration, to wit, $1000, and that at the time of said purchase there was no person authorized to buy the property for the State of Texas, and no money appropriated by the State of Texas to pay for same, and there was no contract existing between the State of Texas and said Cunningham & Ellis, authorizing said Cunningham & Ellis to purchase said property for the State, and no evidence showing or tending to show that they acted as agents for the State of Texas in making said purchase."

It does appear from the evidence that no one was authorized by the State to purchase the property, or to make any contract with Cunningham & Ellis with respect thereto.    No one undertook to contract with them that the State would buy the property, or that it would accept a deed without warranty of title.    The payment of $1000 by the State to Cunningham & Ellis when it did buy the land was the consideration for their warranty of the title.    There were no acts on the part of the officers assuming to act as the agents of the State, to be ratified by its accepting the conveyance and paying for the land, that would make the contract for warranty of the title void for want of consideration. Ellis testified:    "We purchased the land because we wished to build the walls.    We were very particular [about the title], from the fact that we were erecting improvements on this land with the expectation that the State would take from us this tract of land and pay for the improvements we were putting on it.    To fully explain our possession, I must give the reason why we bought the land.    *  *  *    There was no one authorized to buy it for the State, nor were there any funds to pay for the land, and as we wanted to do the work on the walls, therefore we determined, after a full conference with the State authorities, that we would buy the land and erect the walls, and convey the land to the State whenever they would pay for it.    It was understood that the land should be conveyed by us, and that the officers of the State would use their influence to have the authority given to buy and the money provided to pay us.    He [Goree], with the directors, agreed that if we would buy the land, as the State was compelled to have it, they would use all their influence to see that the State paid us back.

We received [for the land] a valuable consideration. I think it was $1000." From the uncontradicted evidence, the finding of the jury upon this issue was wrong. If there were any acts of agents to ratify by the State, it only did so upon the execution of the deed with warranty of title.

No execution for costs should have been awarded against the State; and no money judgment with execution thereon should have been rendered against Whatley or the State for the $557.50 rents, for the rents are extinguished by the recovery for improvements in good faith.

The judgment of the court below in favor of the plaintiff will be reformed as indicated above, and affirmed; but as to the issue between the State and Cunningham & Ellis upon the warranty of title, the judgment will be reversed and the cause remanded.

*Reformed and affirmed in favor of plaintiff.*

*Reversed and remanded as between defendants upon warranty of title.*

Delivered March 21, 1895.

Writ of error denied.