Texas & Pacific Railway Company v. Lena Beezley.

Decided April 13, 1907.

**1.—Charge—Construction.**

Where the plaintiff alleged two grounds of negligence, but introduced evidence as to only one, it will be presumed that the charge of the court upon the issue of negligence was understood by the jury to refer to the issue as to which evidence was introduced.

**2.—Punitory Damages—Principal and Agent.**

Before a railroad company can be held liable for punitory damages for the acts of its train porter towards a passenger it must be shown that the

company expressly authorized such acts or subsequently, with full knowledge of the facts, ratified them.

### 3.—Improper Argument.

In a suit against a railroad for personal injuries, argument of counsel considered, and held improper and cause for reversal.

Appeal from the County Court of Callahan County. Tried below before Hon. I. N. Jackson.

*F. S. Bell,* for appellant.

No brief for appellee.

CONNER, CHIEF JUSTICE.—This appeal is from a recovery of three hundred dollars actual damages, and two hundred dollars exemplary damages for personal injuries alleged to have been received by appellee in alighting from one of appellant's passenger trains at Clyde in Callahan County. Appellee was a passenger and she alleged as grounds of recovery the stoppage of the train at an unusual place, a failure to have a step upon which to alight, and that the negro porter assisting her to alight violently jerked her down upon the ground and injured her.

The porter denied the rudeness attributed to him, and there was evidence tending to show that appellee's injury was received from a fall after the train had left the station, but she testified in support of her allegations on this point, so that the evidence undoubtedly required the submission of the issue. On the other issues, however, there was neither allegation nor proof of negligence on appellant's part and appellant complains of the charge of the court on the ground that the same were submitted to the jury. The charge was to the effect that "it was the duty of said defendant to exercise a great degree of care in providing safe means for its passengers to alight from its passenger cars and train . . . and that if the jury should find from the testimony that defendant negligently and carelessly failed to provide safe means for the plaintiff to alight, etc., and if by reason of such negligence and carelessness plaintiff was injured as alleged in her petition," they should find for her.

Appellant insists that "safe means" as used in the charge evidently referred to the alleged failure to provide a step upon which appellee could alight. While as stated there is no evidence of negligence in this respect, we think the court evidently intended it to apply to the allegation of the porter's alleged willful act and negligence and the jury must have so understood it. "Means" in one of its approved definitions, signifies "a plan or method of procedure." When appellant's porter undertook to assist appellee in alighting from the train it was undoubtedly his duty to exercise a high degree of care to avoid injuring her, and if in proceeding to do so he acted as alleged and as appellee testifies, he was undoubtedly guilty of negligence. The charge we think is fairly referable to this issue and it is hardly reasonable to assume that the court and jury would understand it as applying to issues wholly unsupported by the evidence.

Appellant's objections to the charge and verdict on the issue of exemplary damages, however, we think are well taken. The court charged on this issue that, "Wanton and willful negligence and carelessness, in a particular case, is the failure to exercise such care and caution as an ordinarily prudent person would exercise under the same or similar circumstances," and that if the jury should find "from the testimony, if any, that the defendant, its agents, servants and employees were grossly negligent to plaintiff while and when said plaintiff was alighting from defendant's passenger car and train as alleged in petition of plaintiff herein, you will find in favor of plaintiff for exemplary damages in whatever sum you find to be due her not to exceed $400.

This charge is manifestly erroneous within itself, in addition to which there is no evidence whatever authorizing the imposition of punitory damages upon appellant. For the unwarranted violence or outrage, if any, of the porter, both appellant and the porter would undoubtedly be liable for such actual damages as proximately resulted therefrom, but before appellant can be held for damages purely punitory in character it must be shown that it expressly authorized such conduct on the part of its porter or subsequently, with full knowledge, ratified it, of which there is no proof whatever. International & G. N. Ry. v. Garcia, 70 Texas, 207.

We think appellant also has just cause to complain of the argument of appellee's counsel on the trial of the case. As shown by bill of exception properly taken at the time, he used the following language: "Gentlemen of the jury, these negro porters of this defendant's cannot speak the truth; they wear blue clothes with brass buttons and would perjure themselves before they would swear the truth, because if they would tell the truth, they would lose their places," and again: "Gentlemen of the jury, defendant's counsel says it would be an unjust thing if you rendered a verdict of $150 or $200 for the plaintiff—now I say would not that be a disastrous thing. This powerful corporation commanding its millions which it makes out of the people; would not suffer if you rendered a much larger verdict against it, it would not break it up or injure it. The railroads have done much for Texas and Texas has done more for the railroads and this is one of the ways of showing the railroads how they must act towards an old and feeble lady." The rule requires "Counsel shall be required to confine argument strictly to the evidence and to the argument of opposite counsel." (Rule 39, 67 S. W. Rep., xxiii.) Argument in the trial of a cause of the inflammatory character of that quoted, and embodying facts not proven for the purpose of discrediting witnesses or parties has been so frequently condemned that it seems strange that counsel will imperil final victory by violations of the plain rule on the subject. Chicago, R. I. & P. Ry. v. Jones, 81 S. W. Rep., 60; Chicago, R. I. & P. Ry. v. Musick, 33 Texas Civ. App., 177, and cases therein cited.

Other assignments are overruled, but for the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*