# MARCH, 1939

THE FEDERAL LAND BANK OF HOUSTON, (PLAINVIEW NATIONAL
FARM LOAN ASSOCIATION) V. C. E. KING ET UX.

No. 7231. Decided January 4, 1939.
Rehearing overruled March 1, 1939.
(122 S. W., 2d Series, 1061.)

*Carl Runge, Cedric Taylor, Lewis Rogers* and *H. A. Berry,* all of Houston, for the Federal Land Bank of Houston, *P. B. Randolph,* and *C. E. Russell,* of Plainview, for Plainview National Farm Loan Association, plaintiffs in error.

The evidence shows that the plaintiffs entered into possession of the 160 acres of land with the knowledge and consent of W. E. King, the father of plaintiff, and that the plaintiffs never repudiated the relationship of permissive user; therefore, there was no issue of adverse possession and it was error for the Court of Civil Appeals to hold that the trial court committed error in failing to submit to the jury the issue of adverse possession. Davis v. Lund, 41 S. W. (2d) 57; Mhoon. v. Cain, 77 Texas 316, 14 S. W. 24; 2 Tex. Jur., 144.

*M. J. Baird, of* Edinburg, for defendants in error.

The evidence showing that the parol gift of the land presented established title to the land in C. E. King and the trial court erred in submitting to the jury the issue of adverse possession and in failing to instruct the jury to return a verdict for King. Tucker v. Dodson, 245 S. W. 728; Stedman Fruit Co. v. Smith, 28 S. W. (2d) 622, 14a C. J. 1428.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves the title to 160 acres of land in Hale County, Texas, being the northwest quarter of Section 6, in Block JK3. Prior to the year 1909, W. E. King held an award from the State of Texas to this 160 acres. Early in that year C. E. King and wife, Elsa A. King, entered upon this land with the consent and permission of W. E. King, who was the father of C. E. King. W. E. King in part paid for some of the improvements erected upon the land. C. E. King and wife made their home upon said land from 1909 until the trial of this suit.

On February 4, 1928, said land was patented to W. E. King. On November 19, 1927, W. E. King executed to Z. P. King a general warranty deed to said 160 acres. This conveyance recited a cash consideration of $3000 and one note for $3000, due on or before six months after date, with 5 per cent interest, secured by vendor's lien. This deed was filed for record November 26, 1927. December 17, 1927, Z. P. King and wife executed deed of trust upon the 160 acres to secure the Federal

Land Bank of Houston, Texas, in the payment of the sum of $3200. Of this sum, the amount of $156.00 was used to pay the State of Texas balance on the purchase money. The sum of $2884 was to cover balance on the $3000 note executed by Z. P. King to W. E. King as hereinbefore mentioned. Prior liens were carried forward in the deed of trust. It seems to be admitted that this loan was really obtained by W. E. King through the method above indicated.

On February 18, 1929, Z. P. King and wife executed to Elsa A. King a general warranty deed to the north 80 acres of of the 160 acres in question. This deed was filed for record February 21, 1929. In the conveyance Elsa A. King assumed the payment of $1600 of the $3200 indebtedness due the Federal Land Bank. Elsa A. King claimed to know nothing about this transaction. However, by instrument acknowledged December 23, 1930, C. E. King expressly assumed payment of one half of the indebtedness due the Federal Land Bank. This instrument recited that King had purchased of Z. P. King the north one half of the land convered by the deed of trust.

Default was made in payment of two of the semi-annual amortization installments due the Federal Land Bank, and these were paid by the Plainview National Farm Loan Association, which took proper assignment of the lien securing same, as provided by the original deed of trust. After proper notice, sale of the 160 acres in question was made under and by virtue of the terms of the deed of trust and Plainview National Farm Loan Association became the purchaser of the land, subject to the balance due the Federal Land Bank of Houston and the lien securing the same.

This suit was instituted by C. E. King and wife, Elsa A. King, who will be hereinafter called plaintiffs, against Plainview National Farm Loan Association and the Federal Bank of Houston, Texas, to recover the north 80 acres of the 160 acres in question. While plaintiffs' petition is lengthy, nevertheless the suit was in the nature of trespass to try title, it being expressly alleged that in 1909 W. E. King made a parol gift of the north 80 acres of the land to plaintiffs. By supplemental petition plantiffs claimed said 80 acres of land under the ten years statute of limitation. Defendant Plainview National Farm Loan Association filed cross action, and defendant Federal Land Bank of Houston set up its superior lien under deed of trust.

The trial court submitted to the jury only one issue. In response to said issue the jury found that W. E. King did not on or about the year 1909 part with title to the north 80 acres

of land in controversy by parol gift to plaintiffs. Judgment was entered by the trial court that plaintiff take nothing as to this 80 acres. Judgment was also entered in favor of defendant Plainview National Farm Loan Association against plaintiffs for the 160 acres, subject to the superior lien held by the Federal Land Bank of Houston, which was established. Plaintiffs appealed to the Court of Civil Appeals, but they did not attack the finding of the jury to the effect that there was no parol gift, nor the judgment of the trial court based thereon. The only assignments in the Court of Civil Appeals related to a failure of the trial court to submit to the jury the issue of adverse possession under the ten years statute of limitation. The Court of Civil Appeals reversed the judgment of the trial court upon this ground alone, holding that the evidence raised an issue of fact as to title by limitation. 100 S. W. (2d) 434.

■ Plaintiffs admit that the entry into possession of the land in 1909 was with the permission and consent of W. E. King. Although they contended that they entered under an agreement amounting to an unconditional parol gift, yet the jury found against them on this. From this it necessarily follows that plaintiffs' entry on the land was in no sense adverse to W. E. King, but was in recognition of his title, and was unquestionably as to him an amicable and permissive entry.

In the case of Thompson v. Richardson, 221 S. W. 952, by the Commission of Appeals, it was said:

"Where possession is taken of the land of another, but, at the time such possession is taken, it is in recognition of the true title and the constructive possession of the title holder, the occupant is in possession in subjection to the recognized title. He cannot perfect a claim of title or defense under the statute as against the true owner, without bringing to his notice a repudiation of the recognition, and of the assertion of an adverse claim. The right to shield his possession under the statute, or to carve an estate, dates only from his repudiation. Houston Oil Co. v. Jones, 109 Texas, 89, 198 S. W. 290; Roseborough v. Cook, 108 Texas 364, 194 S. W. 131; Davis v. Howe, 213 S. W. 609."

This language was in substance reiterated in the case of Davis v. Lund, 41 S. W. (2d) 57.

For particular cases where possession was taken under some kind of "trade" or agreement similar to the one here, but which fell short of an unconditional gift, and where the rule announced above was held to apply, see the following cases:

Durham v. Houston Oil Co. of Texas, 222 S. W. 161; Tippenhauer v. Tippenhauer, 158 Ky. 639, 166 S. W. 225, and authorities cited.

We have carefully read the record and find no evidence that tends to show a repudiation of the title of W. E. King, or notice of such a repudiation and an adverse claim brought home to said King, within such time as would permit acquiring title by limitation. Everything even the procuring of loan by W. E. King through Z. P. King, and the assumption by plaintiff C. E. King of part payment of that loan, is in entire harmony with the recognition of title by plaintiffs when they made original entry.

■ Plaintiffs seek to show a homestead claim and right to valuable improvements in good faith. It is of course elementary that one who enters into possession of land in subordination to and recognition of the owner's title cannot acquire homestead rights superior to the title of such owner. It is likewise settled that one cannot be a good faith possessor who takes possession and makes improvements with the expectation of claiming land by limitation. Godwin v. Smith, 17 S. W. (2d) 92 (Writ ref.).

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 4, 1939.

Rehearing overruled March 1, 1939.