We quote from Sullivan v. First National Bank of Flatonia, 37 Tex.Civ.App. 228, 83 S.W. 421, 422, as follows:

"We think, therefore, the law requires the affiant to be in the personal presence of the officer administering the oath; not to the end that the officer may know him to be the person he represents himself to be, for it is not required that the affiant be identified, or introduced, or be personally known to the officer, but to the end that he be certainly identified as the person who actually took the oath. Oaths and affirmations according to the statute authorizing and governing them are taken before the officer authorized to administer them."

This case cites O'Reilly v. People, 86 N.Y. 154, from which we quote as follows:

"To make a valid oath for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath. The delivery in this case of the signed affidavit to the officer was not such an act, and was not made so by the intention of the one party or the supposition of the other."

Though a great latitude has been allowed in proving the execution of an oath, we find that the authorities from this and other States, which we consider to be based on sounder reasoning, require the presence of the affiant before the person administering the oath.

The State's motion for rehearing is overruled.

Paul L. MEADERS, Appellant,

v.

Severo VASQUEZ et ux., Appellees.

No. 12817.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1956.

Rehearing Denied Jan. 30, 1957.

Kelly, Looney, McLean & Littleton, Jackson Littleton, Edinburg, for appellant.

Henrichson, Bates & Hall, Edinburg, Luther Hughes, Weslaco, for appellees.

**852**

W. O. MURRAY, Chief Justice.

In our original opinion we held that there was no evidence to show that Vasquez had ever repudiated his permissive tenancy under which he had entered upon the 100 acres of land in controversy. Meaders v. Vasquez, Tex.Civ.App., 278 S.W.2d 956.

The Supreme Court has held that in this holding we were in error, and has reversed and remanded the cause to our Court for consideration of the lesser questions of whether there is sufficient evidence to show such repudiation, and whether an implied finding by the trial court of such repudiation is so against the great weight and preponderance of the evidence as to be clearly wrong. Vasquez v. Meaders, Tex., 291 S.W.2d 926.

Since this cause has been so remanded to us, we have read the entire statement of facts and again carefully gone over the findings of fact made by the trial court. We have read many authorities upon the subject, not only those cited by the Supreme Court but also many others. Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77, modified Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Warren v. Haverkorn, Tex.Civ.App., 191 S.W.2d 793 (Unknown Owner); St. John's Regular Baptist Ass'n v. Long, Tex.Civ.App., 211 S.W.2d 607 (Replacement of Fence); Walton v. Woolworth, Tex.Civ.App., 222 S.W.2d 347; Federal Land Bank of Houston v. King, 132 Tex. 481, 122 S.W.2d 1061; Cox v. Kirby Lumber Corp., Tex.Civ.App., 129 S.W.2d 376.

We have definitely come to the conclusion that the evidence is insufficient to show that Vasquez ever brought home to the true owner constructive notice that he was repudiating the permissive tenancy under which he admittedly entered into possession of the 100 acres, and, in any event, that such finding would be against the overwhelming weight and preponder-ance of the evidence. In view of the fact that there must be another trial of this case, we deem it improper to further comment upon the evidence.

We overrule appellant's third contention, to the effect that the evidence is insufficient to show adverse possession even if appellee's claim had been hostile from the beginning and he had never been a permissive tenant upon the land. However, this point is immaterial in view of our finding that the evidence is insufficient to show that Vasquez had repudiated his permissive tenancy.

Accordingly, the judgment of the trial court will be reversed and the cause remanded to that court for a new trial.