**STATE of Texas et al., Appellants,**

v.

**T. W. LAIN et al., Appellees.**

**No. 3719.**

Court of Civil Appeals of Texas.

Waco.

Sept. 15, 1960.

Appellants' Motion for Rehearing Denied Oct. 13, 1960.

Will Wilson, Atty. Gen., Thomas Burrus and Hon. James H. Rogers, Asst. Attys. Gen., for appellants.

Preston Shirley, Galveston, for appellees.

WILSON, Justice.

Plaintiffs, alleging fee simple ownership of land adjacent to the south jetty right of way and Galveston Ship Channel, brought this action in trespass to try title against the State of Texas, the State Highway Commission and its members, the State Highway Engineer and District Engineer, the Galveston ferry manager and several ferry boat captains of the State Highway Department, all as individuals and in their official capacities. In the alternative, they alleged defendants constructed a ferry landing and dredged a channel over the property for operation of a ferry and sought to enjoin the asserted trespass. The trial court dismissed the State as a party on its plea to the jurisdiction.

The remaining defendants presented similar pleas to the jurisdiction, asserting they acted in official capacities as agents or employees of the State, pleading sovereign immunity and that legislative consent to suit had not been granted. These pleas were overruled. They filed a not guilty plea; alleged in abatement that the land in controversy lay within a navigable harbor of a port of entry, and the Federal Government was an indispensable party; that contractual rights had intervened; that the public had acquired an easement over the submerged land. The land involved is within the boundaries of the Menard patent considered in City of Galveston v. Menard, 23 Tex. 349. Plaintiffs and defendants presented motions for summary judgment. The motion of defendants was overruled; that of plaintiffs was sustained. Judgment for title and possession was rendered for plaintiffs, and defendants were enjoined from operating ferry boats over, or from going on the land.

The determinative question in this case is whether this is a suit against the State without its consent. If it is, the court was without jurisdiction.

There is language in Whatley v. Patten, 1895, 10 Tex.Civ.App. 77, 31 S.W. 60, writ. ref., and in Imperial Sugar Co. v. Cabell, Tex.Civ.App.1915, 179 S.W. 83, no writ hist., which supports the contention that this is not a suit against the sovereign and is maintainable without legislative consent. Refusal of the application in the Whatley case in 1895 merely meant the Supreme Court approved the result. It did not necessarily mean the reasoning was approved. It is to be noted that in that case the State voluntarily intervened to assert title, thereby taking the present question out of the case. That suit was against defendant solely as an individual, although the record established he held possession only in an official capacity. The Cabell case was likewise against defendants solely as individuals. Both cases bottomed the decision on United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (a 5–4 decision) and the Texas decision in Stanley v. Schwalby, 1892, 85 Tex. 349, 19 S.W. 264. Subsequent to the Whatley decision and United States v. Lee, the Supreme Court of the United States in Stanley v. Schwalby, 1896, 162 U.S. 25, 16 S.Ct. 754, 40 L.Ed. 960, in which only individual defendants were sued in a Texas trespass to try title action (although they disclaimed, alleging they were possessed as officers of the United States), pointed out that in United States v. Lee the defendants were sued for possession only; and that a Texas trespass to try title action involved title as well as possession. The Lee case was distinguished by showing the judgment there "was simply a judgment that the plaintiffs recover against the individual defendants the possession of the lands * * * that the United States could not be sued directly * * * as a defendant except by virtue of an express act of congress, and that the United States would not be bound or concluded by the judgment." The court then

held that the trespass to try title suit in Texas "was directly against the United States and against their property, and not merely against their officers." The judgment directed the Texas courts to dismiss as against the United States, and render judgment for the individual defendants. Comments by the Texas Supreme Court on Imperial Sugar Co. v. Cabell, and United States v. Lee are contained in W. D. Haden Co. v. Dodgen, Tex.Sup., 308 S.W.2d 838. The fact that the distinction in Stanley v. Schwalby was not made by Whatley v. Patten or by Imperial Sugar Co. v. Cabell is discussed in 160 A.L.R. 339.

We think the rule applicable here is that announced in Walsh v. University of Texas, Tex.Civ.App.1942, 169 S.W.2d 993, writ ref., a trespass to try title action in which the University of Texas and its Board of Regents were defendants. The named defendants were not sued as individuals. The court held:

"If the plaintiffs recover the title they pray to recover the recovery is against the State. Likewise the damages which plaintiffs seek to recover are not damages against the parties named as defendants but against the State * * * Since the property of the University of Texas is the property of the State, a judgment against any party other than the State would be an empty, useless thing * * * Of course, no officer of the State can commit a wrong in the name of the State and avoid personal liability, neither can a party recover a judgment *affecting the rights, title and property of the State* in a suit brought against its officers and in which it is not properly made a party * * *. In our opinion * * * the suit is one against the State and all the relief sought is against the State without an allegation and showing of consent and, therefore, the court without jurisdiction to hear it."

No relief is sought against defendants as individuals other than that prayed for against them in their official capacities. We believe this is such a suit against the State as is not maintainable without consent. The judgment of the trial court is reversed and judgment is here rendered that the injunction be dissolved and that the action be dismissed for want of jurisdiction.

On Motion for Rehearing

TIREY, Justice.

Appellees, in their Motion for Rehearing, assail the judgment entered in this Court on April 28, 1960, and assert in effect that the judgment entered by this Court reversing and remanding the judgment of the trial court and dissolving the injunction there granted enables the State employees or officials to take appellees' land for public use without consent, and without adequate compensation contrary to the provisions of Article 1, Section 17, of the Texas Constitution, Vernon's Ann.St. and contra to the provisions of the Fourteenth Amendment of the Constitution of the United States, which provide in effect that no State shall deprive any person of life, liberty or property without due process of law; that the effect of this Court's holding is to authorize the State Highway Commission of Texas, its officers and agents to take private property without the necessity of the institution of condemnation proceedings prior to the taking of private property, and that appellees are powerless to seek judicial relief restraining the State officials in so doing.

The majority of this Court are of the view that these contentions must be sustained for reasons hereinafter briefly stated.

First of all, the decree states that the plea to the jurisdiction filed by the State of Texas as defendant is sustained and the State of Texas is no longer a party to this suit. It is true that the appellants filed a

plea of not guilty and, in so doing, they admitted their possession and put in issue appellees' cause of action. See Permian Oil Co. v. Smith et al., 129 Tex. 413, 107 S.W. 2d 564, 567, Point 11, at page 570. However, their proof showed that they were acting only in their official and representative capacities, and that they had no title. Since the State is not a party to this action, and since the appellants are claiming to act solely in their official capacities, are they entitled to immunity in judicial proceedings where they are alleged to be trespassing on the property of appellees whose title is not in question except by a plea of not guilty, and where the testimony tendered is without dispute that the State Department for which appellants claim to be acting has made an admission as to title and possession of the property to be in the appellees? We think the answer to this question is "No" under the holding of our Supreme Court in Cobb v. Harrington, 144 Tex. 190, 190 S.W. 2d 709, 712, Points 2 and 3, 172 A.L.R. 837. In that opinion we find this statement of the Rule:

"The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit." Citing many cases.

In Lockhart, State Treasurer et al. v. A. W. Snyder & Company et al., 139 Tex. 411, 163 S.W.2d 385, 391, our Supreme Court, through Justice Critz, made this statement of the Rule:

"That where State officers act without authority of law, they do not act for the State or in its interest; and when State officers invade private rights, or threaten to do so, a suit to redress a wrong or prevent its recurrence is not to be classed as a suit against the State. Actions against officers who have possession of property belonging to another come within this class, even though such officers disclaim any personal interest, and claim to hold for and on behalf of the State."

That is the exact situation of the appellants here. The latest expression of our Supreme Court is found in the case of Haden Company v. Dodgen, 308 S.W.2d 838, 840. That opinion reviews at some length the cases dealing with previous decisions of our Supreme Court and Courts of Appeal on the question of immunity of officers acting in their official capacity. The opinion quotes from Cobb v. Harrington, supra:

"The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination or protection of his rights, is not a suit against the State within the rule of immunity of the State from suit."

In the case at bar we think the Attorney General's Department and the State Highway Department made an admission as to title and possession of the property to be in the appellees. Under date of May 20, 1953, the Attorney General's Department, acting through Assistant William H. Holloway, wrote Mr. Greer the State Highway Engineer, as follows:

"In response to your letter of October 13, 1951, we have reviewed the information presented by your office, together with maps, exhibits and an abstract submitted by Messrs. Wigley, McLeod, Mills and Shirley concerning the claim of their clients to that area of land beneath the waters of Galveston Bay which is being used by the State in the operation of the Galveston-Bolivar Ferry.

"We are of the opinion that title to this area must be acquired by the State and suggest that an abstract of title to that tract be obtained by your department so that a determination as to present ownership may be made."

Thereafter, the State Highway Engineer wrote attorneys for appellees as follows:

"This will acknowledge receipt of your letter of June 4th suggesting an early meeting for discussion of acquisition by the State of the property occupied by our Galveston Ferry landing. At the moment we are in the process of acquiring a complete abstract of title to the property in question at the request of Mr. Holloway. As soon as the abstract if obtained and Mr. Holloway gives us his opinion on the same, we will then be in a position to discuss the matter with the owners of the legal title or their authorized representatives.

"We will communicate with you further when the Attorney Generals' opinion has been received."

Thereafter, the Attorney General wrote Attorneys for appellees as follows:

"Our Title Opinion on the above matter was mailed to the Highway Department on September 30.

"I feel sure that Department will contact you in the very near future. In fact, I had supposed that this had already been done."

Thereafter, the State Highway Department, acting through Engineer, Jim Douglas, wrote appellees as follows:

"The Texas Highway Department is considering the construction of a refuge slip near the Galveston Landing of the Galveston-Bolivar Ferries to protect the ferries during storm periods.

"We would like to acquire the 20 foot width strip owned by you, lying between a 50 foot strip owned by the Galveston Wharves and a 70 foot strip owned by the Santa Fe Railroad. This 20 foot strip lies east of our right-of-way.

"If you would be interested in selling this strip of land to us for this purpose, we would be glad to hear from you.

"Galveston Wharves and the Santa Fe Railroad are willing to convey their property lying on each side of you to use for this purpose."

On November 28, 1952, the State Highway Engineer wrote Appellees' attorneys as follows:

"This will acknowledge receipt of your letter of November 24th regarding the position of this Department with respect to the Galveston ferry landing.

"Our District Engineer at Houston, Mr. Jim Douglas, has been authorized to contact either you or the owners of the property in question for the purpose of negotiating, if possible, with them for the property we are now using and some additional property desired by the Department. The file was transmitted to Mr. Douglas on the 12th of November and if you have not already heard from him, we feel sure you will in a very short time."

It is well settled in Texas that "The party in possession of land is considered to be the owner until the contrary is proved. His possession imports that he holds a title thereto. * * * The 'title or right of possession established' is limited to the parties bound by the judgment." See Permian Oil Co. v. Smith, 107 S.W.2d 564, points 9 and 10, page 569, Supreme Court.

■ Under the record before us, since appellees made a showing of the record title to the property in question, and since the State is not a party to this lawsuit, and since the appellants did not claim or assert any title whatsoever and claim to be acting only in their official capacity as agents of the State, and since the evidence is undisputed to the effect that the land is actually being used for public purposes without having been condemned and without compensation having been paid to the plaintiffs, it was the duty of the Trial Court, under the record made, to award title to and possession to appellees, and having so found and decreed, it was the further duty of the Court to grant

its writ of injunction restraining appellants from trespassing upon the property.

The majority of the Court are of the view that the opinion in Walsh v. University of Texas, Tex.Civ.App., 169 S.W.2d 993, w. ref., is not applicable and controlling here. The opinion in the foregoing case points out: "The petition makes perfectly clear there is no effort to sue the named defendants as individuals." That is not the situation here because the appellants are sued both individually and in their official capacities. Here the appellees seek to recover title and possession against the appellants in their official capacities, as well as in their individual capacities, and that situation did not exist in the Walsh case. Moreover, since appellees rely on the strength of their own title, and since the State is not a party defendant, and since there is no allegation that the State claims title, and no proof that it has title to the property in question, the foregoing decision is not controlling here, and we do not think that it changes the rule announced by the Supreme Court in the cases we have heretofore cited dealing with the question of immunity here before us. Moreover, the opinion points out that the property of the University of Texas is the property of the State, and necessarily a judgment against any party other than the State would be a useless, empty thing. That situation does not here exist. Insofar as the record and the case before us is concerned, the title of the State to this property is non-existent, and since appellees are asserting their title and having satisfied the Trial Court as to the proof of their title, the appellants, under the Court's implied findings are guilty of trespassing on appellees' property which, under the Court's finding, is wrongful. In Federal Land Bank of Houston v. King, 132 Tex. 481, 122 S.W. 2d 1061, 1062, our Supreme Court, speaking through Judge German, opinion adopted, made this statement of the rule:

"Where possession is taken of the land of another, but, at the time such possession is taken, it is in recognition of the true title and the constructive possession of the title holder, the occupant is in possession in subjection to the recognized title. He cannot perfect a claim of title or defense under the statute as against the true owner, without bringing to his notice a repudiation of the recognition, and of the assertion of an adverse claim. The right to shield his possession under the statute, or to carve an estate, dates only from his repudiation."

Our Supreme Court has not changed this doctrine. We think the record before the Trial Court shows conclusively that the appellants took possession of appellees' property in recognition of their title and the constructive possession of the title of appellees as title holders, and in so doing appellants' possession is and was in subjection to appellees' recognized title, and they were, therefore, clearly trespassers, and were wrongful trespassers regardless of their capacity in so doing. Accordingly, appellees' motion for rehearing is granted and the former judgment of this Court is set aside and the judgment of the Trial Court is affirmed.

WILSON, J., dissenting.