Lorece B. HUBBARD et al., Appellants,

v.

Ida Mae PARKMAN et al., Appellees.

No. 4450.

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1965.

Rehearing Denied Jan. 20, 1966.

Kirchheimer & Kirchheimer, Houston, for appellants.

Sam Lee, Angleton, Crouch & Ferguson, Alvin, A. R. Mason, Angleton, for appellees.

TIREY, Justice.

This is an action in trespass to try title brought by plaintiffs (appellees) for title and possession of a tract of 66.82 acres of land in the William Harris League, Abstract 72, Brazoria County, Texas. Defendants entered a plea of not guilty, and specially plead the ten year statute of limitations.

The trial court overruled defendants' motion for instructed verdict and submitted the cause to the jury on one issue. It was: "Do you find from a preponderance of the evidence that the defendants, and those under whom they claim, either in person or through a tenant or tenants or partly in person and partly through a tenant or tenants, held peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same, for any period of ten consecutive years, or longer, prior to February, 1, 1963 ?" To which the jury answered "We do not."

The court overruled defendants' motion for judgment non obstante veredicto and granted plaintiffs' motion for judgment, and decreed that defendants take nothing, and further decreed that the title to the land and premises to be in plaintiffs Ida Mae Parkman, Sarah Lee Rainwater, Dorothy Marie Brannon and Murylene Young, free and clear of any claims of defendants.

Defendants assail the judgment on 14 points. Points 1 through 10 assail the judgment in effect (1) that the jury's answer to Issue No. 1 is contrary to the undisputed evidence; (2) that the answer of the jury is without any support in the evidence; (3) that the answer of the jury is so against the overwhelming weight and preponderance of the credible testimony as to be manifestly wrong. We overrule each of the foregoing assignments for the reasons hereinafter stated.

The appellants were strangers to the record title and claim the property under the ten year statute of limitations. They had never rendered the property in question for taxes, nor had they paid taxes on the same. On the contrary, the appellees showed a record title to the property from the sovereignty of the soil, paid taxes on the property and kept the taxes current. The record shows that the plaintiffs inherited the land from their father, R. C. Parsley, and that their father had purchased the property from Tom and Clara Berthelsen by deed dated May 10, 1934. The

record also shows that prior to January 29, 1959, the appellants did not own or claim any land adjoining or in close proximity to the land in this law suit, and that the alleged possession of appellants began on January 29, 1959. The appellants, in order to substantiate their claim under the ten year statute of limitation, sought to tack their possession on to the alleged possession of T. B. Hubbard and the alleged possession of Gilvie Hubbard, both deceased. The record shows that T. B. Hubbard, on April 7, 1930, purchased from Waterloo Savings Bank a 1266 acre tract of land that joined the 66.82 acre tract in this suit; that T. B. Hubbard died on May 4, 1935 and left a written will devising the 1266 acre tract he had purchased from the bank to his brother, Gilvie Hubbard, and his sister, Dovie Delman, now Dovie Walling, in equal parts; that Gilvie Hubbard purchased his sister's interest in the surface of the 1266 acre tract on the 16th day of November, 1953; that Gilvie Hubbard died on January 29, 1959, and by written will duly probated left the 1266 acre tract to the appellants. Mrs. Dovie Walling, the sister of T. B. Hubbard and Gilvie Hubbard, did not file any pleading claiming any part of the land involved in this law suit, and the evidence does not reflect that she ever asserted any claim to this land.

We are also of the view that there is no probative evidence in the record showing or tending to show that T. B. Hubbard ever claimed the 66.82 acre tract of land in suit. This particular land lies to the west of the 1266 acre tract which Hubbard purchased from the bank. Likewise, we find no probative evidence that shows that Gilvie Hubbard ever claimed the land involved in this suit. Under the record here, T. B. Hubbard and his brother, Gilvie Hubbard, lived in peace with the appellees and their predecessors in title, and during such time the appellees and their predecessors in title asserted many acts of dominion over the 66.82 acres of land involved in this suit, and that during the lifetime of T. B. and Gilvie Hubbard the evidence does not reflect any objections made by either T. B. Hubbard or Gilvie Hubbard to the acts and dominions of appellees and their predecessors in title to this land.

This suit was filed by plaintiffs in the District Court of Brazoria County on February 1, 1963. Mr. Akers, County Surveyor and a licensed State Surveyor, testified to the effect that he had made a study of the William Harris League, Abstract 72, Brazoria County, Texas, and had prepared a plat showing the 1266 acre Hubbard tract heretofore referred to and the 66.82 acre tract involved in this suit, as well as showing County Road 191 and State Highway 35. This plat was tendered in evidence.

Mr. Akers further testified to the effect that he found an old iron pipe that designated the dividing line between the 66.82 acre tract and the Hubbard 1266 acre tract, and found another old iron pipe northeast of the first pipe; that he had examined plaintiffs' Exhibits 11 through 60 and that they involved the land in this suit. Appellees also offered in evidence the inventory and appraisement of the estate of Mrs. Lee Anna Parsley, mother of appellees, and Mr. Akers testified that this inventory included the land in the law suit. The deed from the bank to T. B. Hubbard theretofore was tendered in evidence, and Mr. Akers testified that he had examined this deed and that the land in controversy was not included in the land described in this deed.

Appellees also tendered in evidence a right-of-way deed from R. C. Parsley, father of plaintiffs, to the State of Texas. This deed was dated March 2, 1935 and Mr. Akers testified to the effect that he had examined this right-of-way deed and that the same was a right-of-way for what is now State Highway 35, and that it granted the right-of-way to the State, and that the right-of-way crossed the 66.82 acre tract in controversy, and that the State subsequently built State Highway 35 across this tract.

Appellees also tendered in evidence a right-of-way easement from them dated

March 26, 1960 to Houston Lighting and Power Company. Akers testified to the effect that this easement crossed the 66.82 acres of land involved in this law suit.

There was also tendered in evidence an instrument dated October 1, 1947 by Parsley which was an oil and gas lease on part of the property to Walter L. Morrison, each of the foregoing instruments being duly recorded with the County Clerk in Angleton.

Plaintiffs also tendered in evidence a right-of-way easement to the Briscoe Irrigation Company, executed by R. C. Parsley, father of the plaintiffs, granting to that company the right to construct and maintain a canal, with the privilege of excavating for the bed of the canal, and to build and maintain levies. This instrument was executed on May 15, 1941 and was duly recorded in the Deed Records of Brazoria County.

Appellees also tendered in evidence an oil, gas and mineral lease executed on December 1, 1959 by them, joined by their husbands, with the exception of Mrs. Young, who was a widow, who signed as a feme sole to Monsanto Chemical Company, and Mr. Akers testified to the effect that plaintiffs' exhibit included the land involved in this suit.

Appellees also tendered in evidence a right-of-way easement to the Southwestern Bell Telephone Company across part of the land in controversy. This instrument is dated June 8, 1942, executed by R. C. Parsley and wife.

Mr. Akers further testified to the effect that as between the Parsley tract and the Plummer tract and the Hubbard tract, he found no fences, but that he did find an old pipe or monument which was the corner between the Hubbard tract and the Parsley tract.

One of the plaintiffs, Mrs. Rainwater, testified to the effect that her father had a dairy on the land in controversy, and that he died in 1954; that she lived on the property for about one year, either in 1937 or

1938; that they had fenced the property and that the fence had been torn down in about 1961, and that she did not realize that there was anyone making any claim to the property other than her family, until 1961.

The Deputy Tax Assessor and Collector of Brazoria County testified to the effect that the property involved in this suit was rendered in the name of R. C. Parsley to 1954, and then in 1955 the Parsley Estate began to render the property; that neither T. B. Hubbard nor Gilvie Hubbard nor Mrs. Lorece Hubbard, nor Miss Joan Dovie Hubbard, or any member of the Hubbard family, had ever rendered or paid any taxes on the land in controversy; that the Hubbards had rendered land for taxes in Brazoria County from time to time, but did not render the 66.82 acres here involved.

■ The rule is well settled in Texas: "One asserting title to land by limitation has the burden of proving every fact necessary to give such title, and inferences are never indulged in favor of a limitation claimant." Citing Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265. See also Stringer v. Johnson, Tex.Civ.App., 222 S.W. 267, 274. See also Federal Land Bank of Houston v. King, 132 Tex. 481, 122 S.W.2d 1061, Com. App., opinion adopted; also Champion Paper & Fibre Co. v. Wooding, Tex.Civ. App., 321 S.W.2d 127, n. r. e., and the cases cited in each of the foregoing opinions.

In Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902, we find this statement of the Rule by our Supreme Court:

"In order for a person, having neither title nor color of title nor deed duly registered, to acquire full title, precluding all claims, to real estate in Texas, which will support an action for the recovery of the real estate, such person must have had peaceable and adverse possession of the real estate for not less than 10 years. An essential of the required adverse possession is an appropriation of the land under a claim of right. One may hold land under a

claim of right though he enters as a naked trespasser and continues his appropriation of the land for the express purpose of acquiring that which he knows belongs to another. The mala fides of the possessor is not fatal to his claim of right. Yet, without intent to claim land as his own, no matter how groundless the claim, the possessor can never acquire a limitation title thereto." See cases cited in Champion Paper Fibre Co., v. Wooding, 321 S.W.2d 127, n. r. e.

Much testimony was tendered in this cause which covers 667 pages, together with many exhibits. It is obvious that we cannot quote it extensively, but since the appellants, in order to sustain their claim of limitation, must tack their possession on to that of the Hubbards, we have examined this record with much care to ascertain if there is any basis of limitation found in the alleged claim of T. B. or Gilvie Hubbard during their lifetime, and we are of the view that the record does not contain any evidence of probative effect that will sustain a plea of limitation in behalf of the Hubbards.

In Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, we find this statement of the Rule by the Supreme Court:

"When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

Our view of this evidence in its entirety is to the effect that there is no evidence of probative force that T. B. Hubbard or his brother, Gilvie Hubbard, during their lifetime, made any claim to the property in question, and since they did not do so, and did not exercise any control or dominion over the same that interfered with the Parsleys and their children during their lifetime, we are of the view that the defendants' claim to a limitation title is without any merit whatsoever. So it is our view that the verdict of the jury has ample support in the evidence; that it is not against the great weight and preponderance of the evidence; and that the judgment of the court is fully supported by the probative evidence in this cause. So we state, again, that since there is no evidence to sustain a limitation title in favor of the Hubbards, it follows that the appellants' claim to a limitation title must fail.

We have carefully examined each of the other assignments made by the appellants, and we are of the view that they are wholly without merit and each is overruled.

Accordingly, the judgment of the trial court is affirmed.