## KING et ux. v. PLAINVIEW NAT. FARM LOAN ASS'N et al.

### No. 4656.

Court of Civil Appeals of Texas. Amarillo.

Nov. 9, 1936.

Rehearing Denied Jan. 11, 1937.

See, also, 86 S.W.(2d) 833.

M. J. Baird, of Sherman, for appellants.

P. B. Randolph, of Plainview, for appellee Plainview Nat. Farm Loan Ass'n.

Lewis Rogers, Cedric Taylor, and H. A. Berry, all of Houston, for appellee Federal Land Bank of Houston.

MARTIN, Justice.

The land in controversy was sold at trustee's sale to satisfy an indebtedness. Appellants, husband and wife, thereafter sued appellees for title and possession of same. They made allegations, the sufficiency of which is not here questioned, showing:

(1) A homestead interest in said land existing at the time of and long prior to the execution of the trust deed under which said sale occurred.

(2) Title to same under the ten-year statute of limitation, perfected and existing in them at and prior. to the date of said trust deed, and of said sale.

(3) A parol gift of said land, also prior to the last-named dates, and the usual allegations showing possession and improvements.

The answer of appellees set up the trust deed, a violation of its terms, and sale thereunder to a third party. The essential portions of this answer may be gathered from our subsequent discussion.

The trial court submitted only the following special issue: "Have the plaintiffs. C. E. King and Elsie A. King, shown by preponderance of the evidence that on or about the year 1909 that W. E. King parted with the title to the North one-half of the Northwest one-fourth of Section Six, Block JK—3, Hale County, Texas, by parol gift to the said plaintiffs, C. E. King and Elsie A. King?"

To this a negative answer was returned, and judgment was for appellees.

If appellants had title under their plea of limitation, then their homestead interest was conclusively established, and will be conditionally assumed without discussion.

The trial court refused to submit the issue of title by limitation, and this action is made the subject of the only assignment of error necessary to decide.

436

The evidence in its most favorable light to appellants is briefly in substance:

In 1909 W. E. King, father of appellant, C. E. King, was the owner of the northwest one-fourth of section No. 6, block JK—3, Hale county, Tex. About January, 1909, appellants moved on said land. C. E. King testified:

"Q. State what your father said with reference to the land, what he said at the time and just prior to the time you went on there? A. My father said if I would come on down there and improve it he would give it to me; it would be our home.

"Q. What did he say? A. He said he would give me a deed to it if I wanted it. I told him on the account of the other heirs, I would rather not accept a deed but leave it in his name. He said, well, we could fix that later; I went ahead and improved it with that idea."

█ King with his family have lived on the north one-half thereof continuously since, cultivating, using, and enjoying the same, and claiming it as his own. No rents have been paid to any one during such time, and none demanded. Their possession has been open and notorious. They erected substantial improvements thereon, paying therefor from $1,200 to $1,500. These consisted of the usual farm improvements necessary to make a home for a family. They were in such possession and so using same when the trust deed in question was given and the sale thereunder made. It conclusively appears that their possession was such as to give notice to appellees of any title claimed by them.

If the above had been all the testimony, a peremptory instruction for appellants would have been required. Appellants' briefs contain a very unsatisfacory statement of the facts. We have finally fished from a running stream of objections and bickering, usually appearing in records under the present law as "facts," the following:

In November, 1927, W. E. King apparently was in pressing need of money, and deeded the above quarter to another son, Z. P. King, retaining a lien to secure a note for $3,000. Z. P. King procured a loan on this land from appellees. Thereafter the land was sold under said trustee's deed. The north one-half of same, which is the land in controversy, was conveyed to Elsie A. King, appellee, on February 18, 1929, the deed to her reciting: "There is a Federal Land Bank of Houston, Texas, loan of $3200. against the N. W. one-fourth of Sec. No. 6, Block JK3, Hale County, Texas, and the grantee herein assumes an undivided one-half of the loan, and which amounts on the within tract to $1,600."

Regarding this deed she testified:

"Q. Did you ask Z. P. King and his wife to make this deed of you? A. No, sir, I didn't.

"Q. Did you pay him $10? A. No, sir, I didn't.

"Q. For making that? A. No, sir.

"Q. Did you pay any other consideration? A. No, sir."

She also testified she objected to W. E. King raising any money by a loan on the above land. There was some testimony that W. E. King's attention was called to the fact that this land belonged to C. E. King, when the negotiations for a loan were in progress. The record is somewhat hazy concerning the exact facts transpiring during the negotiations for this loan, and thereafter. Some evidence appears which in our opinion affects only the moral aspects of this case, and will not be repeated.

█ It is our opinion that the issue of title by limitation was raised by the evidence, and should have, with appropriate corollary issues, been submitted. The answer made by appellees to the above is: "Appellants having alleged and proved that they went into possession of the land in question with the consent of the owner, W. E. King, and having failed to show any notice to him that they were claiming adverse to him, no issue was raised justifying the submission of plaintiffs' requested issue as to whether they had had peaceable and adverse possession of the land ten years prior to Nov. 1st, 1927."

The law stated therein is correct as a general principle, but here we have a case of possession under a parol gift. In such case the law is: "Possession of a donee under a parol gift of land is generally regarded as hostile from its inception, indicating intent to take as owner, possession under such a gift being adverse and not permissive, or at any rate not permissive in the sense of a licensed possession in subordination to another's title, and, where a parol gift is accompanied by the

donee's actual possession for the statutory period, with claim of ownership, such possession will ripen into title precluding recovery of the land ,by the donor; and it has been held that the operation of the rule is not affected by the fact that the donor remains on the land with the donee, or that one entering under an unconditional parol gift and claiming the land expected later to receive a deed or devise thereof. That such a parol gift conveys no title and operates only as a mere tenancy at will capable of revocation or disaffirmance by the donor at any time before the bar is complete is immaterial; it is evidence of the beginning of an adverse possession by the donee which can be repelled only by showing a subsequent recognition of the donor's superior title, or by the donor reclaiming or reasserting his title." 2 C.J.S. Adverse Possession, § 90, p. 647.

■ We assume, without deciding, that this record sufficiently evidences a recognition of the validity of the Land Bank's lien by appellees, and an agreement by Elsie King to pay the indebtedness mentioned above. Does this conclusively as a matter of law estop her or destroy her right to now assert a homestead interest in said land? Such recognition and agreement, if any, occurred in 1929, years after appellants' claim of homestead interest had attached to said land, and perfect title by limitation had matured, if same ever did. We quote from three comparatively recent Supreme Court authorities:

"The proffered testimony, if found true, would have established the invalidity of the lien claimed by the Walker Smith Company. The fact that the compromise agreement had occurred would make no difference. That which the Constitution declares void cannot be made valid by agreement of the parties. If, when the compromise was made, the facts really existed which rendered the lien void under the Constitution, the parties could not make the lien valid by agreeing that such facts did not exist. The fact that, in the compromise, Rich and wife ratified the instruments in question would not operate to estop them from asserting their homestead rights in the present suit." Rich et ux. v. Walker Smith Co. (Tex.Com. App.) 57 S.W.(2d) 1098.

'The courts have established a rule that that which the Constitution declares void cannot be made valid by agreement of the parties. * * * So long as the premises constitute the homestead of Collier and wife, a lien cannot be placed thereon, except as provided for by the Constitution and statutes." Collier v. Valley Building & Loan Ass'n (Tex.Com.App.) 62 S.W. (2d) 82, at pages 84, 85.

"On the other hand, it is equally the settled law of this state that any attempt to create a lien or mortgage on a homestead to secure a debt, regardless of the method or form used, except for the things provided by the Constitution, is an utter nullity, and never becomes effective to any extent. * * As said by Judge Robertson, speaking for the Supreme Court in Inge v. Cain, supra [65 Tex. 75], 'what cannot "ever be valid," is never valid, and what is never valid, is always void.'" Toler et al. v. Fertitta (Tex.Com.App.) 67 S.W.(2d) 229, at pages 230, 231.

■■ The above may be admissible as affecting appellants' claim of gift and adverse possession, but we know of no authority nor any sound reason for holding that such matter conclusively estops appellants from asserting a homestead interest already attached, and limitation title already matured, when same occurred. Manifestly it did not interrupt the running of limitation, when same was already over.

We again quote: "Where the adverse possessor has already perfected title in himself by adverse possession, his subsequent recognition of the title of the original owner will not revest the title so acquired. Nevertheless the fact that a title was recognized as being in another after the period of limitation has run may be important as evidence to be used in determining whether or not the prior possession was adverse." 2 C.J.S. Adverse Possession, § 149, p. 712. See Wickizer v. Williams (Tex.Civ.App.) 173 S.W. 288.

Appellants were entitled to an affirmative presentation by proper instructions of any cause of action having support in their pleading and evidence.

Appellees' motion to strike appellants' briefs is overruled without discussion, as no point is presented that has not heretofore been repeatedly passed on by this Court.

Reversed and remanded.