**Roman CHAPA et al., Appellants,**

v.

**Juliana R. GARCIA et al., Appellees.**

**No. 15289.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 4, 1974.

Rehearing Denied Oct. 2, 1974.

---

1. One justice dissented in Davidson.

Irma Rangel, Kingsville, Pope & Pope, Rio Grande City, for appellants.

F. R. Nye, Jr., Rio Grande City, Arnulfo Guerra, Roma, for appellees.

KLINGEMAN, Justice.

Roman Chapa et al. brought this trespass to try title suit against Juliana R. Garcia et

al. to recover title to and possession of a tract of 99.71 acres of land situated in Starr County, Texas. Plaintiffs are the record owners, and defendants claim title under the ten year statute of limitations, Article 5510, Vernon's Tex.Rev.Civ.Stat. Ann. The jury, in answer to the only special issue submitted, found that defendants had peaceable and adverse possession of the land in controversy for a period of ten consecutive years between the tenth day of November, 1933, and the thirteenth day of March, 1968. The trial court rendered judgment on the verdict in defendants' favor. In our opinion, there is no evidence to support the finding of the jury that defendants had adverse possession of the land for ten years as required under the ten year statute of limitations.

The land in controversy is described as all of Share 56 lying in and forming a part of Porcion numbered 59 of the former jurisdiction of Mier, Mexico, and now situated in Starr County, Texas. The parties stipulated that plaintiffs acquired such land in a partition decree dated November 10, 1933, and that the record title to such tract is vested in plaintiffs. Defendants' claim to such land is based solely on the ten year statute of limitations. By five points of error, plaintiffs complain of error of the trial court in refusing to submit certain requested special issues and definitions, and in the form of submission of the special issue submitted.[1] By their other points of error, plaintiffs complain that there is no evidence to support the jury's finding to the special issue submitted; that the trial court erred in failing to grant plaintiffs' motion for instructed verdict, plaintiffs' motion for judgment non obstante veredicto, and plaintiffs' motion for new trial because the evidence and pleadings conclusively establish that the title to said tract is vested in plaintiffs; and that as a matter of law, defendants did not meet the statutory requirements to perfect a title by limitation under the ten year statute of limitations.

The evidence establishes that the 99.71 acre tract here involved is a part of a 450 acre tract of land which the defendants sometimes refer to as the ranch of Juliana and Pepe Garcia; that the 99.71 acre tract is included within the outside fence lines of said 450 acre tract and is not separately fenced off or enclosed. The evidence further establishes that defendants own other lands within such 450 acre enclosure; some of which lands were acquired by inheritance, and some by deeds of purchase. The testimony further shows that some of the fences which form a part of the outside fence lines of such 450 acre tract were not built or owned by defendants but are fences built and owned by other landowners, which incidently helped to enclose the 450 acre tract. It appears from the testimony that some of the fences were built prior to the partition decree.

To support their claim of title by limitations, defendants rely on the testimony of Juliana R. Garcia and her children, Oscar Garcia and Jose Garcia. The testimony at most shows only that defendants grazed cattle on said 99.71 acre tract, together with their other lands, and that the only use of such land by defendants was the grazing of cattle thereon, picking up firewood and posts on such tract on occasions, and hunting at times. Such grazing of cattle thereon was incidental to and in connection with the grazing of cattle on the entire 450 acre tract, there being no cross fences or other fences between this tract and the other land on which defendants had cattle. There is no evidence that these activities were ever brought to the attention of plaintiffs or known by plaintiffs. In fact, there was testimony by one of the plaintiffs that he had been on the 99.71 acre tract on numerous occasions and that he never saw any cattle thereon. Some of the neighbors testified that they had never seen any of defendants' cattle on such tract. There is no evidence that defendants ever constructed any improvements on said tract in question, or any evi-

---

1. In view of our holding herein, we deem it not necessary to pass on these points of error.

dence that defendants ever paid any taxes on such tract. The testimony clearly establishes that said 99.71 acre tract was not separately fenced off or enclosed. Eulalio Aguilar, a surveyor, testified that he located the boundary lines of said Share 56, the tract involved, and that there were no fences and no evidence of old fence lines.

■ One who seeks to establish title to land by virtue of the statute of limitations assumes the burden of proof upon this issue and the proof must be clear and satisfactory. Moore v. Wooten, 280 S.W. 742, 748 (Tex.Com.App.1926); Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S. W.2d 781 (1954); Urschel v. Garcia, 164 S.W.2d 804, 805 (Tex.Civ.App.—San Antonio 1942, writ ref'd w.o.m.). The claim of right must be manifested by declaration, or by open and visible act. If there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed. Orsborn v. Deep Rock Oil Corp., supra; Hopkins v. Waterstreet, 275 S.W. 303 (Tex. Civ.App.—Waco 1925, writ dism'd). There is good reason to support the rule that to constitute adverse possession under the ten year statute, the appropriation of the land must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant. McDonnold v. Weinacht, 465 S.W. 2d 136 (Tex.1971); Heard v. State, 146 Tex. 139, 204 S.W.2d 344 (1947).

■ Unenclosed lands have always been regarded as commons for grazing livestock in Texas, and it is well settled that the use of unenclosed lands for grazing livestock does not, of itself, constitute adverse possession. McDonnold v. Weinacht, supra; Fuentes v. McDonald, 85 Tex. 132, 20 S.W. 43 (1892); Allison v. Groppenbacher, 142 S.W.2d 528 (Tex.Civ.App. —El Paso 1940, writ ref'd); Vineyard v. Brundrett, 17 Tex.Civ.App. 147, 42 S.W.

232 (1897, writ ref'd). When the use relied upon to support the statute is grazing, there must also be, at the same time, sufficient enclosure, such as to give evidence that the land was designedly enclosed and to show the assertion of a claim hostile to the true owners. Vineyard v. Brundrett, supra. When the disputed tract of land had been casually enclosed or incidentally enclosed with other lands, especially when such other land is held by possession under deeds, the incidental enclosure and occasional grazing of the land by cattle straying from the titled land will not amount to such adverse and hostile possession and use as will support the statutes of limitation. Orsborn v. Deep Rock Oil Corp., supra; McKee v. Stewart, 139 Tex. 260, 162 S. W.2d 948 (1942); West Production Co. v. Kahanek, 132 Tex. 153, 121 S.W.2d 328 (1938).

■ It is well settled that the mere grazing of land incidentally enclosed as a result of construction of fences built for another purpose does not constitute possession that will ripen into title by limitation. The adverse claimant who relies upon grazing only as evidence of his adverse use and enjoyment must show as part of his case that the land in dispute was designedly enclosed. McDonnold v. Weinacht, supra; Orsborn v. Deep Rock Oil Corp., supra; McKee v. Stewart, supra; West Production Co. v. Kahanek, supra; Dorbant v. Jones, 492 S.W.2d 601 (Tex.Civ.App.— Austin 1973, writ ref'd n.r.e.); Pirtle v. Henry, 486 S.W.2d 585 (Tex.Civ.App.— Tyler 1972, writ ref'd n.r.e.); Delany v. Padgett, 193 F.2d 806 (5th Circuit 1952).

■ As a matter of law, defendants failed to establish title by limitation under the ten year statute of limitations to the tract here in controversy. The land in question was in a common area; it was not separately fenced off or enclosed, and the existing fences do not appear to have been constructed for the purpose of designedly fencing the area involved. The adverse claimant bought and held title to

other lands within the same enclosure. There is no evidence that notice of defendants' adverse claim was ever brought to the attention of plaintiffs or that the adverse claim was open and notorious. Defendants' use of the land in controversy under the circumstances described in the record did not constitute an actual and visible appropriation of the land as required by Article 5515, Tex.Rev.Civ.Stat.Ann. This is a case of incidental enclosure and incidental grazing, and these are insufficient as a matter of law to constitute a visible appropriation of the land. There is no evidence to support the jury's answer to the special issue on limitation, and the trial court should have sustained plaintiffs' motion for instructed verdict or motion for non obstante veredicto.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to render judgment for plaintiffs.