**Van DOYLE et al., Appellants,**

v.

**Oliver ELLIS, Appellee.**

**No. 5655.**

Court of Civil Appeals of Texas, Waco.

March 31, 1977.

Marvin D. Whitaker, Paxton, Whitaker & Parsons, Palestine, for appellants.

Kenneth H. Keeling, Huntsville, for appellee.

HALL, Justice.

This is a trespass to try title action involving a tract of approximately 77.403 acres in Leon County, brought by appellants Van Doyle and other "Doyle heirs" on March 23, 1973, against appellee Oliver Ellis. By way of defense, Ellis pleaded the ten-year statute of limitation, Article 5510, Vernon's Tex.Civ.St., which provides in pertinent part as follows:

> Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward.

Trial was to a jury. Ellis stipulated that appellants owned record title to the property. Answering the single special issue submitted, the jury found in favor of Ellis on the limitation question. Judgment was rendered on the verdict that plaintiffs take nothing, and fee simple title was vested in Ellis. Doyle and the others appealed. We affirm.

There is evidence of these facts: Ellis purchased the property in question in January, 1960, by quitclaim deed from Claude B. Hamil who lives in Houston. At that time, the east side of the property, which adjoins a county road, was fenced. Within one month after purchase, Ellis fenced the remaining three sides with a strong four-strand barbed wire fence with post-oak posts, and placed a gate in the east fence line. Immediately thereafter, he began grazing cattle on the property. In 1967, Ellis sold the tract to J. M. Plunkett, Sr., and reserved a vendor's lien to secure payment of a $10,700 note he took as consideration. Eventually, Plunkett defaulted on the note, Ellis sought judicial foreclosure, and in 1973 judgment was rendered in the District Court of Leon County in favor of Ellis and against Plunkett foreclosing the lien and awarding Ellis title to and possession of the property. When Plunkett purchased the land, Ellis removed his cattle, and Plunkett began grazing cattle and horses on the premises. While Plunkett had the property, he cleared about 10 acres, built two water tanks, erected a feed barn on the place, replaced the old gate with an aluminum gate, and placed "no trespassing" signs along the county road. When Ellis instituted his foreclosure suit, Plunkett removed his stock and Ellis again began grazing cattle on the tract. Until Ellis purchased and fenced the property, it formed a part of about fourteen hundred acres of "open rangeland" used by ranchers in the area for cattle grazing. Since Ellis purchased, fenced, and began grazing the tract, it has been known in the community as the "Ellis land." The fences, the cattle, one of the tanks, the "no trespassing" sign, the gate, and a chain and lock on the gate, are all visible from the county road which runs along the east side of the property. Appellants Van Doyle and Ethel Doyle Lusk, the only Doyle heirs who live in the vicinity of the property, learned in 1964 that Ellis had fenced the property and was grazing it and claiming it. From January, 1960, until March, 1973, Ellis and Plunkett together

held exclusive, peaceable, and continuous possession of the tract, under enclosure and under claim of right, and hostile to the claims of all others, including appellants.

This evidence is legally and factually sufficient to support the jury's finding on the limitation issue. Appellants' contrary contentions are overruled.

Specifically, appellants say that the foreclosure suit by Ellis against Plunkett defeats Ellis's claim of continuous, peaceable possession. This contention is overruled. The title and right of possession to the land Plunkett received were those held by Ellis. By reason of the judgment of foreclosure, Ellis recovered all interest in the property held by Plunkett. Plainly, the right of possession of each was referable to that of the other. In other words, there was privity of possession between them on each transaction. *See, Brady v. McCuistion,* 210 S.W. 815, 818 (Tex.Civ.App.—Amarillo 1919, no writ). Article 5516, Vernon's Tex.Civ.St., provides that peaceable and adverse possession within the meaning of Article 5510 may be held by different persons successively when there is privity of possession between them.

Excepting about ten acres, the tract in question is covered with timber and underbrush. Pointing to that fact, appellants assert that the use of the property by Ellis and Plunkett merely for pasture was not sufficient to satisfy the "use and enjoyment" requirements of the limitation statute. We disagree. There is an abundance of testimony to the effect that the best use of the property was for grazing and raising cattle and horses. A limitation claimant under Article 5510 is only required to use the land for a purpose to which it is adaptable and capable of being used. *Wallis v. Long,* 75 S.W.2d 138, 142 (Tex.Civ.App.—Galveston 1934, writ ref.).

Appellants' remaining points and contentions are also without merit, and they are overruled.

The judgment is affirmed.