**L. G. WILDER, Jr., et ux., Appellants,**

v.

**FIRST MORTGAGE OF TEXAS, R. E. I. T., et al., Appellees.**

**No. 5977.**

Court of Civil Appeals of Texas, Waco.

Feb. 1, 1979.

Don McManus and George F. Manning, San Antonio, for appellants.

Robert E. Wehmeyer, Darden & Wehmeyer, Bandera, for appellees.

## OPINION

JAMES, Justice.

This is a trespass to try title suit. Plaintiff-Appellants L. G. Wilder, Jr. and wife Madeline Wilder sued Defendant-Appellees First Mortgage of Texas, R.E.I.T., and Enchanted River Estates, Inc., for title to and possession of a 2.80 acre tract located in Bandera County, Texas, and for damages. The Plaintiffs Wilder sought to establish title to the disputed tract by adverse possession under the ten year statute of limitations, Article 5510, Vernon's Texas Civil Statutes. Plaintiffs and Defendants own respective tracts of land in Bandera County which are contiguous to the disputed tract, said disputed area being situated along Plaintiffs' south or southwest line. The following is a map or plat reproduced from Exhibit "B" attached to the trial court's judgment, showing the respective locations of Plaintiffs' land, Defendants' land, and the 2.80 acre tract in dispute. This plat as shown in this opinion is a true copy of said Exhibit "B", except that we have added the words, "Plaintiffs' Land," "Defendants' Land," and "2.80 acre tract in dispute" for clarity. The disputed tract is the shaded area.

EXHIBIT "B"

Scale 1"=100. vrs.

I, C.O. Bauerlein, County Surveyor of
Bandera County, do hereby certify that
the above Plat was made by me from
my survey on the ground July 10, 1964

C.O.Bauerlein

As shown, the 2.80 acre tract lies between a fence line on the westerly side thereof and two creeks, to wit, Doe Creek and Bandera Creek, on the easterly side.

The Defendants filed a pleading of "not guilty." Trial was had to the court without a jury, after which the trial court entered judgment that Plaintiffs take nothing, from which Plaintiffs appeal. We affirm.

The trial court filed findings of fact and conclusions of law. Said "Findings of Fact" are as follows:

"A. In August, 1962, Plaintiffs purchased 165 acres of land, more or less, in Bandera County from the 'Atkins family'. Prior to the purchase, no survey of the property was made, but one of the sellers showed Plaintiff L. G. Wilder, Jr. the fence lines and Plaintiff L. G. Wilder, Jr. understood that the fences marked the boundary lines of the property.

"B. On July 18, 1964, Plaintiffs caused the County Surveyor of Bandera County to make a 'fence-line' survey of their property. Such survey was made on the basis of the fences that enclosed Plaintiffs' property at the time of their purchase of same in August, 1962. The property included in such survey contains 161.806 acres.

"C. According to the description of the property contained in the Deed to Plaintiffs, the southwest boundary line of the property lies along the bottom of Doe Creek and Bandera Creek. These creeks are subject to flooding and it is not practical to maintain a fence in the creek bottom. A ledge or bluff exists along the south-west side of Doe Creek and Bandera Creek. The fence enclosing the south-west side of Plaintiffs' property, as shown by the 'fence-line' survey, is located on top of such ledge or bluff. The tract in dispute, containing 2.80 acres, lies between the boundary line along the creek bottom and the fence line along the top of the creek bank.

"D. Since 1962, Plaintiffs and their tenant have made minor repairs to the fence enclosing the disputed tract. The fence was in its present location prior to Plaintiffs' purchase of the property to which

they hold record title. Plaintiffs did not build, rebuild or substantially repair such fence and have not changed its location.

"E. The disputed tract is not separately fenced from the property to which Plaintiffs hold record title.

"F. Since 1963, Plaintiffs and their tenant have run cattle and sheep on the property within the fences, including the disputed tract. The livestock are free to roam and graze on the property to which Plaintiffs hold record title and on the disputed tract. The best grass is on the disputed tract.

"G. Plaintiffs have not made or placed any improvements on the disputed tract.

"H. Plaintiffs have affixed 'no trespassing' signs on their exterior fences, including the fence along the south-west side of the property which encloses the disputed tract. Such signs have been replaced every two or three years. The fence enclosing the disputed tract is not visible from a public road.

"I. Since their purchase of the property to which they hold record title, Plaintiffs have paid annually property taxes on 165 or 167 acres in Bandera County. They have never rendered the property on which they have paid taxes, but have paid the taxes by mail upon receipt of a statement from the Tax Assessor-Collector.

"J. In 1964, Plaintiffs obtained a loan from San Antonio Savings Association and executed a Deed of Trust securing the payment thereof on the property described in the 'fence-line' survey mentioned in B above.

"K. Plaintiffs believed that they owned the property within the fences, but never told anyone that they claimed the tract in dispute.

"L. In April, 1977, unknown persons removed a portion of the fence which encloses the tract in dispute. Plaintiffs and other persons have replaced the portions which were taken down, but Plaintiffs have not permitted any livestock to run on the disputed tract since the fence was replaced."

The pertinent parts of the "Conclusions of Law" made by the trial court may be summarized as follows:

A. Plaintiffs had a "claim of right" to the tract in dispute.

B. Plaintiffs did not make "an actual and visible appropriation" of the tract in dispute, commenced and continued under their claim of right "inconsistent with and hostile to" the claim of Defendants for a period of 10 years prior to instituting suit, as required by Arts. 5510 and 5515, V.A. C.S., because:

1. Plaintiffs did not build the fence which encloses the disputed tract;

2. Plaintiffs did not, personally or by their tenant, rebuild, substantially repair or change the character or location of the fence which encloses the disputed tract;

3. There is no evidence that the fence which encloses the disputed tract was considered to belong to Plaintiffs;

4. There is no evidence that, by general community reputation, Plaintiffs owned the property to the fence enclosing the disputed tract;

5. The disputed tract is not separately fenced from the land to which Plaintiffs hold record title;

6. There is no evidence of the purpose for which the fence which encloses the disputed tract was built;

7. The fence which encloses the disputed tract is in a practical or "common sense" location;

8. Plaintiffs neither made nor placed any improvements on the disputed tract;

9. There is no evidence that Plaintiffs planted any crops or grass, or removed any timber from the disputed tract;

10. Plaintiffs' and their tenant's livestock grazed on the disputed tract by straying from the property to which Plaintiffs hold record title;

11. There is no evidence that Plaintiffs made any change in the use of the disputed tract;

12. Plaintiffs never made any verbal declaration of ownership of the disputed tract;

13. There is no evidence that Defendants or their predecessors recognized the fence enclosing the disputed tract as constituting Plaintiffs' boundary or that they acquiesced in Plaintiffs' claim to the disputed tract;

14. Plaintiffs' placing "no trespassing" signs on the fence enclosing the disputed tract, which were not visible to the public, is not sufficient to constitute an actual and visible appropriation of the disputed tract;

15. Plaintiffs' paying taxes on 165 or 167 acres is not sufficient to give Defendants notice that Plaintiffs were asserting an adverse and hostile claim to the property in dispute. Although it is not required that the adverse claimant under the 10-year statute of limitations pay taxes on the property in dispute, the payment of taxes may furnish "some evidence" of an adverse claim. There is no evidence that Defendants had any notice, actual or constructive, that the acreage on which Plaintiffs paid taxes included the tract in dispute; and

16. Plaintiffs' executing a Deed of Trust on the property described by the "fence-line" survey, which included the tract in dispute, is not sufficient to place Defendants on notice of Plaintiffs' adverse claim or to constitute an actual and visible appropriation of the disputed tract by Plaintiffs. There is no evidence that Defendants had any actual notice of such Deed of Trust or that it was ever recorded. Assuming that such Deed of Trust was placed of record in Bandera County, there is no evidence that Defendants acquired their interest in or claim to the disputed tract subsequent to such recording. There is no evidence that Defendants are subsequent purchasers or creditors of the disputed tract.

C. Plaintiffs' possession of the disputed tract consists of incidental or casual fencing and occasional grazing which is insufficient to constitute adverse possession and mature limitation title.

D. Plaintiffs failed to discharge their burden of proving that their possession of the disputed tract gave Defendants notice of their adverse claim.

Plaintiffs in five points of error assert that "the trial court erred in holding" (1) that Plaintiffs did not acquire title by adverse possession of the 2.80 acre tract; (2) that Plaintiffs' claim to the disputed tract was not adverse to Defendants' claim; (3) that Plaintiffs did not make an actual and visible appropriation of the tract in dispute, commenced and continued under their claim of right, "inconsistent with and hostile to" the Defendants' claim for a period of ten years prior to instituting suit; (4) that Plaintiffs' possession of the disputed tract consisted only of incidental or casual fencing and occasional grazing; and (5) that Defendants did not have notice of Plaintiffs' adverse claim to the 2.80 acres in dispute.

 Since Plaintiffs had the burden in the trial court, to establish their title to the disputed tract under the ten year statute of limitation, and failed to establish said title in the trial court, on appeal we must construe Plaintiffs' points of error as contending either that (1) the evidence conclusively establishes as a matter of law the contrary of the trial court's holdings which are attacked, or (2) that the trial court's attacked findings are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, under the rule announced in *In re King's Estate* (Tex. 1951) 150 Tex. 662, 244 S.W.2d 660. This is giving the broadest interpretation possible to Plaintiff-Appellants' points of error. We overrule all of Plaintiffs' points of error and affirm the trial court's judgment.

We believe the trial court's findings of fact as hereinabove set out constitute an accurate summary of the pertinent facts reflected by the record. Considering these facts in the light of well-settled rules of law pertinent thereto, we cannot say that the evidence conclusively establishes the contrary of the trial court's findings in question, or that said findings are against the great weight and preponderance of the evidence. On the contrary, we are of the opinion that the court's findings attacked by Plaintiffs have strong support in the evidence. See *McDonold v. Weinacht* (Tex.

1971) 465 S.W.2d 136; *Orsborn v. Deep Rock Oil Corp.* (1954) 153 Tex. 281, 267 S.W.2d 781; *Harmon v. Overton Refining Co.* (Com.App.1937) 130 Tex. 365, 109 S.W.2d 457, opinion adopted; *Sims v. Cage* (Tex.Civ.App., Houston 1st 1975) 523 S.W.2d 486, NRE; *Chapa v. Garcia* (Tex. Civ.App., San Antonio 1974) 513 S.W.2d 953, NRE; *Georgetown Builders, Inc. v. Heirs of Tanksley* (Tex.Civ.App., Austin 1973) 498 S.W.2d 222, NRE; and *Cox v. Olivard* (Tex. Civ.App., Dallas 1972) 482 S.W.2d 682, NRE.

For the foregoing reasons, we affirm the trial court's judgment.

AFFIRMED.