**Ellis RUDY, Appellant,**

v.

**John R. HARDY et al., Appellees.**

**No. 6233.**

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

Bill Youngkin, Dillon, Giesenschlag, Sharp & Youngkin, Bryan, for appellant.

W. R. Malone, Huntsville, Roger Knight, Jr., Madisonville, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Rudy from take-nothing judgment in a trespass to try title suit to an approximate 40 acres of land in Madison County.

Plaintiff Rudy sued defendants John Hardy, his mother and his sister, to recover title and possession to an approximate 40 acre[1] tract of land. Plaintiff claimed record title from the State of Texas. Defendants answered by plea of not guilty, and plead the ten year statute of limitations of adverse possession.

Trial was to a jury which found:

1) Defendants and the late Rayford Hardy, under whom they claim, had peaceable and adverse possession of the 40 acres as against plaintiff and his predecessors in title, cultivating, using or enjoying the same for 10 consecutive years between May 28, 1951 and July 16, 1974.

2) Plaintiff Rudy or his predecessors in title knew that defendants were claiming the 40 acres adverse to the plaintiff, or that

defendants asserted such adverse possession against plaintiff, of such certainty that plaintiff was presumed to have notice of such adverse claim.

The trial court rendered judgment on such verdict that plaintiff take nothing and decreed defendants recover from plaintiff title and possession to the land.

Plaintiff appeals on 8 points which present 3 main contentions:

1) The trial court erred in rendering judgment against plaintiff because there is no evidence and/or insufficient evidence to support the jury's findings to the special issues, and/or such findings are against the great weight and preponderance of the evidence.

2) The trial court erred in failing to grant plaintiff's motion for instructed verdict because the evidence and pleadings conclusively establish that title to the land was vested in plaintiff.

3) The trial court erred in failing to grant plaintiff's motion for instructed verdict because as a matter of law defendants did not meet the statutory requirement to perfect a title by limitation under the ten year statute of limitations.

■■■ To constitute adverse possession under the ten year statute, the appropriation of land must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant. VATS Art. 5510. The use of unenclosed land for grazing livestock does not of itself constitute adverse possession; and the grazing of an enclosure "casually" or "incidentally" created as result of being fenced out by surrounding owners does not constitute actual and visible appropriation of land; and the additional cutting of burrs and weeds does not result in meeting of the requirements of the ten year statute. *McDonnold v. Weinacht*, Tex., 465 S.W.2d 136; *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781; *Chapa v. Garcia*, Tex.Civ.App. (San Antonio) N.R.E. 513 S.W.2d 953.

---

1. Described as 38 acres.

The 40 acres in dispute is located within a fenced area containing additional lands to the 40 acres. A schematic diagram follows:

Defendants relied on grazing as their primary use of the property. But they were not grazing unenclosed land. They were continually grazing land enclosed by a fence with other land which they claimed and operated as a unit. At all times after the fence was built defendants pastured 10 to 12 cows and a bull in the enclosure. There is evidence that the fence was built in 1951 or 1952 by Rayford Hardy, father of defendants. The cattle could get their water from a spring which Rayford Hardy opened up in the corner of the 40 acres prior to the time the land was bulldozed. Rayford Hardy had the property bulldozed in 1958; prior to bulldozing, the land was timbered land; the cattle were always fed on the property in winter because it was on a hill and was sandy; for 2 years sorghum alum was planted on the property by defendants; Rayford Hardy had the brush on the property cut twice in addition to the bulldozing; the fence which extends around the entire tract claimed by defendants was substantial, and built of split oak posts with four barbed wire steepled strands; the fence lines have not been changed since 1951 or 1952 after installation; posts and wire have been replaced as needed since the fence was built by defendants and at their expense. The fence is a substantial fence capable of turning livestock and is not a casual fence. Defendants claimed all of the land inside the fence according to several witnesses; defendants used all the land within the fence; the land was continually used during the entire period.

 In our opinion the above is ample evidence of adverse possession and a claim of right that defendants and their predecessor Rayford Hardy claimed everything within their fence including the land in question. *Butler v. Hanson*, Tex., 455 S.W.2d 942; *Doyle v. Ellis*, Tex.Civ.App. (Waco) N.W.H., 549 S.W.2d 62.

All plaintiff's points and contentions have been considered and are overruled.

AFFIRMED.