Teresa Carmen Hinojosa **DE ALONZO,** et al., Appellants,

v.

Elias **SOLIS,** et al., Appellees.

No. 04–85–00189–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1986.

Rehearing Denied April 14, 1986.

Writ filed May 15, 1986.

Margil Sanchez, Jr., Rio Grande City, for appellants.

John Pope, Pope, Pope, & Guerrero, Rio Grande City, Oscar Fuentes, McAllen, for appellees.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

TIJERINA, Justice.

This appeal concerns a trespass to try title action. The jury answered the special issue on title by limitation under Article 5510 favorably to appellees. The trial court rendered a judgment based on the jury verdict. We affirm.

Appellees filed suit for trespass to try title, claiming by adverse possession three adjacent parcels of land in Starr County identified as tracts 218, 219 and 220. Appellants filed a cross-action and counterclaim wherein they also claimed the same three tracts of land by adverse possession; however, they waived interest in two of the tracts prior to trial. The special issues required the jury to find whether appellees or the cross-claimants had title to the land at issue under the ten year statute of limitations. The jury finding was favorable to appellees.

 In points of error one through four, appellants objected to the court's charge because the jury was required to return one answer on three separate tracts as to adverse possession, even though appellants had waived interest in tracts 218 and 219. TEX.R.CIV.P. 277 as amended provides the trial court with discretion to submit separate questions with respect to each element of a case or to submit issues broadly. "It shall not be objectionable that a question is general or includes a combination of elements or issues." Under Rule 277, *supra*, the trial court has discretion to submit broad or narrow issues to the jury, and there is no reversible error unless there is a showing that there was a denial of appellant's rights that was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Members Mutual Insurance Co. v. Muckelroy*, 523 S.W.2d 77, 83 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The record reflects that Narciso Solis and his heirs (appellees) possessed and used the whole of the three tracts from 1917 to 1979. It is undisputed that Narciso Soliz had continuous use and possession from 1917 until his death in 1961. Thus, appellants' waiver of interest in tracts 218 and 219 does not necessitate separate special issues on each tract because the evidence is that the three tracts were treated as one.

In the remaining points appellants complain of the denial of their various motions for instructed verdict, judgment notwithstanding the verdict, and new trial. Specifically they complain of no evidence and insufficient evidence of the following: (1) identification of tract number 220, as described by metes and bounds in appellees' first amended petition; and (2) adverse possession by appellees though cultivating, using or enjoying the land at issue for a ten year period between 1939 to 1979. The trial court, as a general rule, will not direct a verdict unless there is no evidence to support a material fact issue. *Ottis v. Haas,* 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). When reasonable minds may differ as to the truth of the controlling facts, a jury issue is present; denial of a motion for instructed verdict would be proper. *Watts v. St. Mary's Hall, Inc.,* 662 S.W.2d 55, 59 (Tex.App.—San Antonio 1983, no writ). A judgment non obstante veredicto would only be approved on appeal when a directed verdict would have been proper. *Pilot Life Insurance Co. v. Koch,* 617 S.W.2d 786, 787 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.). Moreover, a special issue can only be disregarded when it has no support in the evidence. *Eubanks v. Winn,* 420 S.W.2d 698, 701 (Tex.1967). A motion for new trial is addressed to the discretion of the trial court, and the court's action will not be disturbed on appeal in the absence of an abuse of discretion. *Neunhoffer v. State,* 440 S.W.2d 395, 397 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). In determining a no evidence question, the reviewing court considers only the evidence favorable to the verdict and judgment and must sustain that judgment and verdict if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 196 (Tex. 1980). An insufficient evidence point requires that we review the whole record and weigh all the evidence in the case. We must reverse the judgment if we conclude that it is clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

In *Rachford v. Glover,* 123 S.W.2d 700, 702 (Tex.Civ.App.—Texarkana 1938, writ dism'd judgmt. cor.), there was an assertion of no evidence that the tract in question was located on the ground as described by metes and bounds in the pleadings. The court held the evidence that the acreage involved ran from east side to west side at south end of larger tract shown on a map, and that there was no other land between tract and adjoining land to south, was sufficient, together with the map, to identify the tract described in petition by metes and bounds.

In the instant case appellees in the first amended petition set out a metes and bounds description of the tract in issue. The witness Alfonso Perez, executive director of U.S.D.A., Agriculture Stabilization and Conservation Service, testified that he did not have the legal description to identify tracts 218, 219 and 220, but that his records identified these tracts by farm number and ownership. From 1959 to the 1970's his records showed the owner of the three tracts to be the Narciso Soliz estate. This witness was further qualified as an expert in the field of interpreting aerial photographs. He interpreted an aerial photograph taken in 1979 by saying that the three tracts of land were crop land, meaning tillable land. There was extensive testimony about cotton allotments and that *in the early 1970's Carl E. Oak was the operator and the Narciso Solis estate was the owner.* From other aerial photographs the witness stated that land on the west side of the tracts of land at issue was farmed by the Garza brothers and identified as the Mendel Pogell land. To the north was the townsite of La Grulla. Farm A–19 to the north was said to be the farm of the Longorias. Farm A–16 to the north or east was the farm of P.H. Longoria. The trial court, in admitting plaintiffs' exhibit No. 39 over objection, considered whether the photograph related to the three tracts in question as a fact issue to be determined by the jury. Elias Aguilar, a registered public surveyor, testified that he and his father *surveyed tract 220; he identified the*

*metes and bounds description and stated that the neighbors to the west of the land were the Garza brothers.* He did state that his survey contained a correct description of tract 220. Thus it would appear that the evidence of probative force favorable to the judgment is sufficient to identify tract 220.

 With regard to appellants' complaint that appellees failed to show adverse possession, the cultivation and use of the land was either by appellees or through their tenants. Appellees discharged their burden by showing that they farmed the land, which was the only purpose to which it was adaptable and capable of being used. *Doyle v. Ellis,* 549 S.W.2d 62, 64 (Tex.Civ. App.—Waco 1977, no writ). Marketable title to property may be acquired under the ten year statute of limitations if the claimant shows continued peaceable and adverse possession of the property for ten years and cultivation or use of the property in some manner. *McKee v. Stewart,* 139 Tex. 260, 162 S.W.2d 948, 953 (Tex.1942); TEX. REV.CIV.STAT.ANN. art. 5510 (Vernon 1958) (repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, § 9, eff. Sept. 1, 1985). Appellees at some intervals perpetuated their adverse claim through their tenants. In *King v. Inwood North Associates,* 563 S.W.2d 309 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), the court stated:

> Where an understanding exists between the landlord and tenant that the tenant will hold certain premises under the lease arrangement, the tenant's occupancy of such premises will constitute the landlord's possession, even though such premises are not covered by the legal description in the written lease.

*Id.* at 312.

Having considered all the evidence in the record, we conclude that the contentions of insufficient evidence are without merit.

The record evidence in this case clearly shows more than sufficient evidence of probative value giving rise to material fact issues which were correctly submitted for the jury's determination. *See Jarrell v. Boedeker,* 146 S.W.2d 293, 294 (Tex.Civ.

App.—Fort Worth 1940, no writ). Thus, we find no reversible error in the trial court's denial of the motion for directed verdict, instructed verdict and motion non obstante veredicto. Additionally, appellant has failed to show an abuse of discretion in the denial of the motion for a new trial. Accordingly, all points of error are overruled.

The judgment of the trial court is affirmed.