Louis and Lillie Mae DICKSON,
Appellant,

v.

Agnes DICKSON, Appellee.

No. 14–98–00988–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1999.

Anthony Ray Segura of Houston, TX, for appellants.

Jeffrey S. Kuhn of Houston, TX, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## OPINION

WITTIG, Justice.

Appeal is from an adverse summary judgment. Louis Dickson, the son, joined by his wife, claimed a parol gift of real estate or alternatively, adverse possession from his father and stepmother, Charles Dickson, Jr. and Mrs. Agnes Dickson, respectively. First, we consider old and unchallenged law that allows the parol gift of real estate under these circumstances. In 1969, the father, now deceased, helped his son move a house from a condemned part of his and his wife's land onto a non-condemned portion of this property which was thereafter occupied and improved by the son. The son says his father gave him this land. The stepmother disagrees. We know that the necessary hostile flag requirement for adverse possession, may be raised by entering and possessing land under a claim of oral gift. Does not the son raise a fact issue of adverse possession?

Thereafter, we consider the application of section 93 of the Texas Probate Code. See TEX.PROB.CODE ANN. § 93 (Vernon 1980). The father, Charles, died in 1987, his will then duly probated. Section 93 requires challenges to the validity of a will to be brought within two years. Under the will, the stepmother received all of the then remaining real estate owned by the father. The son claimed title before the probation and similarly claimed the property outside the will. Must the son challenge the will within the two years, to make a claim under either parol gift or adverse possession?

Because of the recitations and the authority below, we reverse and remand.

## Background

Agnes Dickson (the stepmother) and Charles Dickson, Jr. (the father) purchased the property, which is the subject of this suit in the mid–1940s. The property consisted of two tracts of land totaling 9.46 acres. All but a three-fourths of an acre tract of land was condemned by the Texas Highway Department in the mid–1960s to construct U.S. Highway 59.

In 1969, Louis Dickson (the son) moved onto the remaining three-fourths acre after his father helped the son move his house onto the property. The son and his wife have lived in that house on the same three-fourths acre ever since. Throughout the years, the son has made additions to his house, cultivated the land, and built additional out buildings.

The father died on October 17, 1987. By will, he gave the stepmother any of the original 9.46 acres he still owned at his death. The stepmother contracted to sell the remaining three-fourths acre in 1995, and demanded that the son and the wife vacate the property. They refused and blocked the sale.

The stepmother filed suit to quiet title on the disputed tract of land. The son answered asserting the affirmative defense of adverse possession. He also counterclaimed asserting a parol gift of land and, in the alternative, ownership by adverse possession. The stepmother filed a partial summary judgment contending as a matter of law that the son's possession was not hostile because he took in recognition of her and his father's title. The trial court granted the stepmother's partial summary judgment covering adverse possession. The stepmother filed a second motion for summary judgment on the remaining claim, the parol gift. The stepmother asserted as a matter of law that the son's parol gift claim was barred by the statute of limitations as set forth in section 93 of the Probate Code. The trial court agreed

and granted final summary judgment disposing of all issues. In two points of error, the son asserts the trial court erred because (1) a genuine issue of material fact existed as to whether his presence was hostile, and (2) section 93 of the Probate Code is not applicable to his parol gift claim.

## Standard of Review

The standard we follow when reviewing the senior summary judgment rule is well rehearsed. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action or (2) conclusively establish each element of an affirmative defense to each claim. *See American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). However, a plaintiff must (1) conclusively establish each element of each cause of action and (2) negate at least one element of the each of the defendant's affirmative defenses. *Id.* In deciding whether there exists a disputed fact issue precluding summary judgment, we treat evidence favorable to the nonmovant as true and indulge all reasonable inferences in the nonmovant's favor. *Id.*

## Analysis

### *Adverse Possession*

■ In his first point of error, the son asserts the trial court erred in granting the stepmother's motion for summary judgment concerning his adverse possession claim. The son argues that material questions of fact exist regarding whether his presence on the land was hostile.

■ Adverse possession is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex.Civ.Prac. & Rem.Code Ann. §§ 16.021, 16.026 (Vernon 1986). Under the 10–year limitation statute, the claimant must hold the real property in adverse possession and cultivate, use, or enjoy it for 10 or more continuous years. *Id.* at § 16.026; *Parker v. McGinnes*, 842 S.W.2d 357, 360 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The claimant must establish every fact necessary to the claim by clear and convincing evidence. *See Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954). This admonishment requires a court to exercise great caution in weighing the evidence although it does not replace the preponderance of the evidence standard. *See Rhodes v. Cahill*, 802 S.W.2d 643, 644 n. 2 (Tex.1990).

The stepmother's motion for summary judgment only attempted to negate one element of the son's claim of adverse possession. Specifically, the stepmother asserts "[t]he crux of this motion is that permission occupancy is not adverse" and that the son took the tract of land in recognition of her and his father's title. The stepmother presented as summary judgment evidence her request for admissions.

9. Admit that prior to the death of Charles Dickson, Jr., Mrs. Agnes Dickson and Charles Dickson, Jr. knew that Mr. and Mrs. Louis Dickson resided upon the .75 acre tract.

Response: Admit

11. Admit that from the time Mr. and Mrs. Louis Dickson began living on the .75 acre tract until March 1996, Mrs. Agnes Dickson was aware of their presence and never objected to their presence.

Response: Admit

The summary judgment evidence also consisted of the son's deposition.

Q: Well, what's the basis of your statement that your dad and Agnes didn't own that property anymore when you moved there?

A: He gave it to me.

In addition, the stepmother stated in her deposition that the son built additional rooms on his house and out buildings on the land without her or his father's permission.

■ An occupier can become hostile in different ways depending on his entry status. In *Smith v. Guinn*, Guinn, a servant of the Smiths, claimed Mr. Smith had given her the disputed property by an oral gift. She moved onto the property, continued to live there, and made improvements. 131 S.W. 635, 636 (Tex.Civ.App.1910, writ ref'd). Mrs. Smith claimed that Mr. Smith merely allowed Guinn to live there in recognition of their rights as the true owners. *Id.* The jury settled the conflict in Guinn's favor. Ultimately, the court held that "entering and continuing actual possession and use of the lot under claim of a parol gift thereof is allowable as a showing that the possession was adverse, and in legal effect would put in operation the statute of 10–year limitation." *Id.* at 637; *see also Heard v. Bowen*, 184 S.W. 234 (Tex.Civ. App.—San Antonio 1916, writ ref'd) (recognizing claim of oral gift along with possession constitutes adverse holding); *Lutcher v. Grant*, 143 S.W. 1190 (Tex.Civ. App.—Galveston 1911, writ ref'd) (same); *King v. Plainview Nat'l Farm Loan Ass'n.*, 100 S.W.2d 434 (Tex.Civ.App.— Amarillo 1936) (same), *rev'd on other grounds by Federal Land Bank of Houston v. King*, 132 Tex. 481, 122 S.W.2d 1061 (1939). However, a person taking possession in recognition of another's title must repudiate or otherwise waive the hostile flag. *See Rhodes v. Cahill*, 802 S.W.2d 643, 645–46 (Tex.1990); *Bustamante v. Flores*, 770 S.W.2d 934, 937 (Tex.App.— San Antonio 1989, no writ); *Bradley v. Bradley*, 540 S.W.2d 504 (Tex.Civ.App.— Fort Worth 1976, no writ).

Here, the stepmother moved for summary judgment. We must take all evidence favorable to the son, the nonmovant, as true and indulge all reasonable inferences in his favor. *See Grinnell*, 951

S.W.2d at 425. The stepmother's summary judgment evidence demonstrates: the son claims the land was a parol gift; he took possession in 1969; and he made valuable improvements. Taking this as true, the 10–year statute of limitations would have started to run in 1969. *See Guinn*, 131 S.W. at 637. In addition, the responses to the request for admissions alone do not prove permissive use, but are as equally consistent with the concept that the son owned the property. *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921) (holding that knowledge and consent of claimant's possession is essential element to establish existence of parol gift). Moreover, notwithstanding the parol gift, the construction of buildings and the cultivation of the land could have placed the stepmother and father on notice of the son's hostile occupation. *See Rhodes*, 802 S.W.2d at 645–46; *De Alonzo v. Solis*, 709 S.W.2d 690, 693 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). It is an issue of fact as to whether the son's use was sufficient to indicate the assertion of a claim of ownership. *See Mohnke v. Greenwood*, 915 S.W.2d 585, 594 (Tex.App.—Houston [14th Dist.] 1996, no writ) ("The question of adverse possession is one of fact.").

The stepmother correctly cites several cases for the proposition that when an occupant takes in recognition of another's title, repudiation is required for an adverse claim to begin. *See Bustamante*, 770 S.W.2d at 937; *Bradley*, 540 S.W.2d at 505; *Walton v. Woolworth*, 222 S.W.2d 347, 348 (Tex.Civ.App.—Texarkana 1949, no writ). In all these cases, however, it was undisputed that the occupier took in recognition of another's title. These authorities are all distinguishable from the facts before us because the son claims to have taken by parol gift and the stepmother claims he did not.

The stepmother also attempts to distinguish the *Guinn* line of cases holding that an entry by an oral gift establishes adversity. 131 S.W. at 637. The stepmother cites *Federal Land Bank of Houston v.*

*King,* 132 Tex. 481, 122 S.W.2d 1061 (1939) which reversed *King v. Plainview National Farm Loan Ass'n.,* 100 S.W.2d 434 (Tex.Civ.App.—Amarillo 1936) for the proposition that *Guinn* and its progeny have been overruled. In *Federal Land,* the plaintiffs admitted they entered the land with the permission and consent of the record owner; however, they contended that entry was under an agreement to receive the land by a parol gift. *Id.* at 1062–63. The trial court refused to submit an instruction on adverse possession and the jury found against the plaintiffs on their parol gift claim. *Id.* at 1062. Plaintiffs appealed. *Id.* The only issued presented on appeal was whether the trial court erred in failing to submit the issue of adverse possession to the jury, and the *jury finding that there was not a parol gift was not addressed. Id.* The appellate court held that the trial court erred in not submitting the adverse possession question. The Bank appealed. *Id.* The Commission of Appeals specifically noted that the parol gift was found against plaintiffs. *Id.* "From this it necessarily follows that plaintiffs [sic] entry on the land was in no sense adverse, ... but was in recognition of [the record owner's title]." *Id.* Ultimately, the court held that the refusal to submit the adverse possession question was not an error and reversed the appellate court's decision. *Id.* at 1063.

The court did not hold that if the jury had found the parol gift in favor of plaintiffs that their decision would nevertheless have been the same. Therefore, we disagree with the stepmother that *Federal Land Bank* had any effect on the *Guinn* line of cases.

■ The stepmother had the burden of proof to establish as a matter of law that the son's occupation of the land was not hostile and was in recognition of her and

his father's title. *See* Tex.R.Civ.P. 166a(c). Her evidence fails to demonstrate this, taking the evidence in favor of the son as true and all reasonable inferences in his favor. Simply stated, the evidence shows that the stepmother claims the son took in recognition of her and his father's title and the son claims he took by a parol gift. "The matter of whether possession is adverse is for the jury, when the evidence is conflicting." *Heard v. Bowen,* 184 S.W. 234, 236 (Tex.Civ.App.—San Antonio 1916, writ ref'd); *see also Mohnke,* 915 S.W.2d at 594. Accordingly, we find the trial court erred by granting partial summary judgment on the issue of adverse possession, and sustain the son's first point of error.[1]

## Probate Limitations

■ In his second point of error, the son asserts the trial court erred in finding section 93 of the Probate Code barred his claim.

■ Section 93 provides as follows:

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after removal of their respective disabilities within which to institute such contest.

Tex.Prob.Code Ann. § 93 (Vernon 1980). Section 93 imposes a two-year statute of limitations to contest the validity of a will

---

1. Moreover, at the time the court granted the partial summary judgment on the adverse possession issue, the parol gift claim was still pending before the court. The issue of whether one's occupation is hostile or adverse could necessarily be affected by a positive finding

on the parol gift issue, starting the statute at the time possession was original taken. *See Guinn,* 131 S.W. at 637. Thus, we fail to see how the adverse possession element of hostility could have been established in the negative prior to a finding on the parol gift issue.

after it has been admitted to probate. *Id.* Any suit filed subsequent to this two-year period is time barred. Grounds for contesting the validity of a will include: failure to comply with statutory requirements; lack of testamentary capacity; undue influence; mistake; fraud or forgery; duress; and existence of an agreement not to probate. *See generally* 24 WILLIAM V. DORSANEO III ET AL., TEXAS LITIGATION GUIDE § 392.08[7][a]–[g] (Nov.1998).

The father's will devised to the stepmother "[a]ll of my property which I own at the time of my death ..., if she survives me." Had the stepmother not survived the father, then the will would have devised to the son "the following described property and interest therein, which I may own or have an interest in at the time of my death." The will listed as the following described property the three-fourths acre of land where the son's home is presently situated. Further, the Deed of Trust that the stepmother received gave her "[a]ll of Charles Dickson's remaining right, title and interest in any acreage whatsoever situated in that certain 9.46 acres of land."

 A will only speaks at the time of the testator's death, and the estate's property cannot be assessed until that date. *See Shriner's Hosp. v. Stahl,* 610 S.W.2d 147, 150 (Tex.1980). The will can only give things possessed by the testator at his death. *Id.* Further, interested parties to a will are charged with notice of its contents. *See Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981).

The son asserts that he obtained the land by a parol gift or, in the alternative, by adverse possession. He does not challenge the validity of the will. He admits knowledge of the will's contents, and argues the will and deed of trust only gave what interest, if any, the father had at the time of his death. The son contends his father had no interest.

The stepmother argues section 93 applies to the facts before us. Assuming this is true for argument and taken to its logi-

cal conclusion, had the stepmother brought her claim to quiet title within two years of the will's probate, then the son's claim of ownership by parol gift would not be barred. However, if she waits until the statute runs, then his claim is barred. This would in turn allow section 93 to be used as a sword instead of a shield. Moreover, the will possibly could have devised the father's interest, if any, in the Astrodome at the time of his death. Would the actual owners of the Astrodome be barred from asserting their ownership interest because of section 93? We think not.

The validity of the will is not being challenged by the son's claims. The will is valid. It only devised what his father owned at his death. The dispute before us is whether the father or the son owned the property at that time. Accordingly, we find section 93 is not applicable, and sustain the son's second point of error.

We reverse and remand consistent with this opinion.