ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN , TEXAS

**1141-14**

EX PARTE FELIX LONGORIA §
            Appellant,

                        §

VS                      §

                        §    NO.PD-1141-14

THE STATE OF TEXAS, Appellee

                        §

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

APPELLANT'S MOTION FOR REHEARING

FILED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

TO THE HONORABLR COURT OF CRIMINAL APPEALS:

Comes now, Felix Longoria, appellant pro-se in the above-styled and numbered cause and moves this Court pursuant to the Texas Rules of Appellate Procedure, Rule 79.1 and 79.2 (c), to consider the Court's order of January 14,2015 for rehearing. In support thereof, Appellant will show the following:

I.

This Honorable Court of Criminal Appeals has subject-matter jurisdiction to hear this motion under Appellate No. 03-13-00603-CR and the Rules of Appellate Procedure. see Rule 79.2(c).

II.

On January 14,2015 this Court ordered Appellant's Petition for Discretionary Review refused.  Appellant received the order on the 21st of January,2015.

III.

Appellant follows the Court's directives found in Rule 79.2(c), and pursuant to the Texas rules of Appellate Procedure, appellant so certifys that this Motion for Rehearing is grounded on substantial intervening circumstances and is made in good faith and not for any delay which would tend to prejudice the State or the interests of justice.

IV.

The interest of Justice is the objective upon which the appellant seeks by asking this Honorable Court of Criminal Appeals to reconsider the Petition for Discretionary Review refused on January 14,2015. The issues within the

- 1 -

appellant's Motion for rehearing refer to appellant's substative right which is material to his incarceration and punishment. The reason(s) for the Review asked whether the appellant is allowed to get before the Court exculpatory evidence that had been ignored by the appellant's Attorney,the State, and the Trial Court Judge,although testimony revealed that this evidence existed. The Attorney for Felix Longoria never sought to **search** for the Woman named Debbie in order to establish a Constitutional right to have and present witnesses in appellant's own behalf. **DIETZ V. STATE,** 123 S.W.3d 528, at 532(Tx.App.–San-Antonio 2003),citing **CHAMBERS V. MISSISSIPPI,** 410 U.S. 284,at 303(1973). The appellant and his witness at the revocation hearing gave testimony concerning the existence of such a witness that would have been able to give testimony, about the elements of the offense against the Appellant and a tape of Debbie stating that she and the victim Joni Longoria caused the injuries Joni sustained because of the assault,and not the appellant. The rules of Appellate Procedure Rule 33.1 requires that any ground for Appellate Review must be established through objection by a party and a ruling by the Tial Court upon matters in issue. Appellant's Attorney never established any such ground to preserve an Appellate claim. Moreover, The failure of which should not be attributed against the Appellant. **RANDLE V. STATE,** 847 S.W.2d 576, at577 and at 580(Tex.Criminal Appeals 1993). The Trial Court was alerted to this substantive right as the need to establish a fact. see Article 2.01. The prosecutor had a duty to establish whether or not the appellant would have been exculpated through a finding of his innocence. Which appellant claimed,plea notwithstanding. These intervening events must certainly show the circumstanees for a rehearing by the Court.

Appellant, was not refused with prejudice. A refusal of Petition for Discretionary review...does not constitute endorsement or adopt of the reasoning employed by the Court of Appeals. see **BUGARIN V. STATE,**789 S.W.2d 594, at 595(Tex.Criminal Appeals 1990), Appellant cites this reasoning although an

- 2 -

appellant pled true to the allegations against him at the revocation hearing. Before his testimony to plead to the allegations and the trial court hearing, his trial Attorney was made aware of the Tape that Debbie spoke her out-of-court statement concerning the assault. This may have been reliable and also material towards appellant's claim of innocence and through his Attorney he would not have had to plea as he had. This fortfeited his chance at effective assistance of counsel and the Sixth Amendment right accorded to establishing Compulsory right to witnesses in his behalf. The Proscutor also was aware of the Tape. Appellant should not be held in error where even Constitutional rights may be waived. **EDDIE V. STATE**, 100 S.W.2d 437, at 440-441( Tx.App.-Texarkana 2003).

## CONCLUSION AND PRAYER

In conclusion, the appellant requests that this Honorable Court of Criminal Appeals reconsider the substantial intervening circumstances that are present. The above events are secured on trial record. Appellant prayes that because of the argument above the appellant asks that the Motion is Granted.

Signed on this _26_ day of _January_ ,2015.

Respectfully Submitted,

*Felix Longoria* ,

Felix Longoria, appellant Pro-Se.

## certificate of service

A true and correct copy of appellant's Motion for Rehearing was mailed to the State Prosecuting Attorney pursuant to Rule 9.5 T.R.A.P. at Lisa C. McMinn-State prosecuting Attorney,POB 13046-Austin,Texas 78711.

*Felix Longoria* ,

- 3 -

FELIX LONGORIA 1922018
RAMSEY 1 UNIT
1100 F.M. 655
ROSHARM, TEXAS 77583

LEGAL MAIL

NORTH HOUSTON TX 773

26 JAN 2015 PM 5 L

ABEL ACOSTA
CLERK
TEXAS COURT OF CRIMINAL APPEALS
PO BOX 12.308 CAPITOL STATION
AUSTIN, TEXAS 78711

78711230808